Zimmerman, J.
There is no question that the 11 head of sheep covered by the indictment herein and considerable other livestock were stolen and that they were purchased by defendant. The only issue in the case is whether defendant made the purchase of the 11 sheep with full knowledge that he was buying stolen property.
The principal witness for the state was a young man named High, an erstwhile employee of defendant, who concededly did the stealing and, at the time he appeared as a witness, was serving a sentence in the reformatory at Mansfield, Ohio, for his offenses. He testified in effect that it was at the subtle sug.gestión of defendant that he began the thefts. He detailed his activities in such respects over several months during the latter part of 1958 and positively and unequivocally stated that *440 the defendant bought the subjects of the thefts, including the sheep described in the indictment, sometimes at prices considerably less than their actual worth, well knowing that he, defendant, was purchasing stolen property. True, the testimony as to the theft of the sheep mentioned in the indictment was interwoven with testimony as to other thefts committed by the witness, and, although defendant’s counsel strenuously objected to the testimony as to other thefts and defendant’s subsequent involvement, he did not request the court then and there to instruct the jury as to why such testimony was being received and for what purpose. This he should have done, and the court’s failure at once sua sponte so to instruct was not reversible error. Such was the holding of this court in the case of Patterson v. State, 96 Ohio St., 90, 117 N. E., 169, L. R. A. 1918A, 583. See, also, State v. Glaros, 170 Ohio St., 471, 166 N. E. (2d), 379, wherein the first paragraph of the syllabus reads:
“It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court’s judgment could have called but did not call to the trial court’s attention at a time when such error could have been avoided or corrected by the trial court.”
Moreover, in the course of the general charge, the trial judge here told the jury:
“Now, other acts have been testified to by which the defendant, Crawford Pope, is alleged to have received stolen property from Donald High. The court instructs and cautions the jury that evidence touching alleged other acts of receiving of stolen property by Crawford Pope at other times than charged in the indictment, can only be considered by the jury for what weight, if any, you find it should be given for the sole purpose of determining whether or not the defendant, Crawford Pope, had knowledge that he was receiving stolen property when he received the 11 head of sheep, as set forth in the indictment in this case.”
High’s testimony as a whole not only established the thefts but, if believed, as it evidently was, established the corpus delicti, that is, the purchase and receipt of the stolen sheep mentioned in the indictment by defendant with knowledge that *441 they had been stolen. And there was testimony besides that of High which tended to show guilty knowledge on the part of defendant.
One Miller, an accomplice of High in stealing some of the sheep in issue and also an inmate of the Mansfield reformatory, testified against defendant on rebuttal. With respect to these reformatory inmates, the trial judge, in the general charge, advised the jury as follows:
“There has also been testimony that some of the witnesses who were called to testify, have plead guilty or been convicted of felonies, and as to some of them, that they are now confined at the Ohio State Reformatory in Mansfield, Ohio. Because a witness has been convicted of a felony, does not necessarily mean that he will not tell the truth, but it is a circumstance for you, the jury, to weigh and compare along with all the other evidence bearing upon the credibility of the witness in question, and it is for you, the jury, to determine what weight should be given the witness’s testimony.”
At the trial, defendant was represented by counsel of his own choosing who was experienced in the handling of criminal cases. An examination of the bill of exceptions fails to disclose that defendant was incompetently or inadequately represented. The trial judge’s general charge was complete and sufficiently and correctly covered those matters which were relevant and essential.
It is axiomatic that the credibility of witnesses and the weight to be accorded their testimony are peculiarly for the jury. On such basis, there was ample evidence to support the conviction in the instant case.
Section 6, Article IV of the Constitution, denies the Court of Appeals the power to reverse, on the weight of the evidence and by the concurrence of but two judges, a judgment rendered on a verdict of a jury. State v. Porello, 138 Ohio St., 239, 34 N. E. (2d), 198. See, also, 3 Ohio Jurisprudence (2d), 790, Section 810; 4 Ohio Jurisprudence (2d), 588, Section 1213. Certainly one of the grounds for reversal herein by only two of the judges embraced the weight and sufficiency of the evidence.
After a careful review of the evidence presented on the *442 trial of this case and an appraisai of the conduct of the trial generally as contained in the bill of exceptions, we are convinced that the majority of the Court of Appeals was wrong-in entering- a judgment of reversal. Therefore, the judgment of the Court of Appeals is reversed and that of the Court, of Common Pleas affirmed.

Judgment reversed.

Weygandt, C. J., Taft, Matthias, Bell and Herbert, JJ., concur.
O’Neill, J., not participating.