PEOPLE *v.* BILITZKE.

1. BRIBERY—ELEMENTS—INTENT—STATUTES.
   It was necessary, under 3 Comp. Laws, § 11311, 5 How. Stat. (2d Ed.) § 14724, authorizing punishment for bribery or attempted corruption of public officials, to establish that the accused corruptly intended to influence the act or judgment of the officials.

2. CRIMINAL LAW—BRIBERY—PRESUMPTION OF INNOCENCE.
   Where the accused, in a prosecution for attempted bribery, admitted that he offered $50 to the prosecuting attorney to put a cause over the term, on the trial denying that it was intended to induce the prosecutor to terminate the prosecution, as charged, but alleging that he offered the money to pay the costs or expense of having the case adjourned, because certain witnesses could not be found, and under a belief that the prosecuting attorney was entitled to demand such payment, respondent was entitled to have his theory that he acted with a lawful intent presented to the jury by an appropriate charge.

Error to Cheboygan; Shepherd, J. Submitted January 17, 1913. (Docket No. 118.) Decided March 20, 1913.

Peter J. Bilitzke was convicted of offering a bribe to the prosecuting attorney of Cheboygan county. Reversed.

*Victor D. Sprague,* Acting Prosecuting Attorney, for the people.

*Homer H. Quay (C. S. Reilley,* of counsel), for respondent.

BIRD, J. The respondent was informed against and convicted of the statutory offense of offering a bribe to the prosecuting attorney of Cheboygan county to induce him to have a certain liquor prosecution then pending stricken from the calendar for a certain term and from further prosecuting it. The testimony offered on behalf of the people tended to show that respondent was guilty of the offense charged in the information.

The respondent admitted that he offered the prosecuting attorney $50 to put the case over the term, but denied that it was offered to induce him to put an end to the prosecution. He testified, in explanation of his act, that he was a deputy sheriff, and that he was engaged by his friend, the defendant in the liquor prosecution, to subpœna his witnesses; that two of the important witnesses could not be found, and that the respondent in the liquor case insisted that he could not have a fair trial without them, and that he was induced by this to attempt to get the case put over the term; that he approached the prosecutor and explained his failure to secure the witnesses, and requested that the case be stricken from the calendar for the coming term; that the prosecutor appeared to be unwilling to consent, saying that he had been put to much trouble in getting ready for the trial. Respondent then asked him if $50 would pay him for his trouble and costs, and that the prosecutor led him to believe it would. He, therefore, went to the respondent in the liquor case, and secured the money, and offered it to the prosecutor in good faith, believing that he had a right to demand and receive the money as a condition in the case passing the term. It is urged on behalf of respondent that he is a Polander, with a somewhat crude knowledge of our language and court practice.

Serious complaint is made by the respondent that the trial court committed error in giving the law of the case to the jury. To the main charge little complaint is made. After the jury had been out for a time, they returned for further instructions, and the following took place:

"*The Court:* Gentlemen of the jury, I have a communication from you, stating that you desire some further instructions in regard to offerings, or giving of the money."

The trial court then presented in detail to them the elements of the offense, as he had done in his charge, the latter part of which was as follows:

"Did Mr. Bilitzke offer money to Mr. Crowley for the purpose of influencing his action in that lawsuit? Did he offer or give him money? Either one, or both. If he offered him or gave him money for the purpose of influencing his action as prosecuting attorney, you will answer that 'Yes.' If he did not, you will answer it 'No,' and bring in a verdict of 'Not guilty.'

"*Mr. Reilley:* There is one element—the intent.

"*The Court:* I supposed I said that—intended to influence him by the giving or offering of the money. Now, I cannot intimate what your verdict should be. It is a corrupt intent, to influence him by the use of money. That is corrupt, itself. It would make no difference whether Mr. Bilitzke knew it was wrong or not. I may think it is right to steal; but I am liable to be sent to State's prison for stealing, just the same. The question is whether he intended, by offering him or giving him money, to influence his actions as prosecuting attorney, to either drop the case, or to continue it over the term.   *   *   *"

After a time the jury returned into court again and the following proceedings were had:

"*The Court :* Have you agreed upon a verdict yet?

"*Juryman :* No, sir.

"*The Court :* I understand you wish some further instructions?

"*Juryman :* There is a fact we don't agree on as to your instruction.

"*The Court :* As to what particular?

"*Juryman :* I think that the particular is before your honor.

"*The Court :* In regard to corruption?

"*Juryman :* Yes.

"*The Court :* What would be a corrupt offer?

"*Juryman :* Well, I guess so.

"*The Court:* I understand that, from the note I received from the foreman. If Mr. Bilitzke offered Mr. Crowley or paid him money for the purpose of getting Mr. Crowley—influencing Mr. Crowley to dismiss the case, or put it over the term, that would be corrupt—that would be a bad purpose, because Mr. Crowley, as prosecuting attorney, was supposed to act according to his own judgment, and for any one to undertake to bind—to undertake to influence him by the use of money, would be a corrupt offer. It involves the intent—if the intent was, on Mr.

Bilitzke's part, to get him to put the case over because he was to be paid money, that would be a corrupt offer."

Error is assigned upon these instructions, and it is argued by counsel that in so charging the jury the court eliminated the material question of "corrupt intent," and gave them to understand that, if respondent paid the money to influence the prosecuting attorney to put the case over the term, he would be guilty of the offense charged.

The statute upon which this information is based is section 11311, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 14724). It provides that:

"Every person who shall corruptly give, offer or promise to any executive, legislative or judicial officer   *   *   * any gift or gratuity whatever, with intent to influence his act, vote, opinion, decision or judgment on any matter *   *   * shall be punished by imprisonment in the State's prison.   *   *   *"

It will be observed that corrupt intent is made a necessary ingredient of the offense created by this statute. It therefore became necessary for the people, not only to charge, but to prove, a corrupt intent upon the part of the respondent in offering the money to the prosecuting attorney, and the respondent was entitled to have the jury so instructed. The trial court did so instruct them in his main charge, but in some of his later instructions he omitted the element of corrupt intent, and it is urged that the jury were misled by this omission.

If the respondent offered the prosecuting attorney $50 to induce him to put the case over the term, under the belief that it was for his trouble and costs, and that the prosecutor had a right to demand and receive it, he would not be guilty of the offense. Neither would the payment of money to the prosecutor to influence him to put the case over the term be evidence that he did it corruptly, if he did it under the belief and under the circumstances which he now contends he did. The presumption of innocence would protect him from this conclusion until it

was shown that it was done for a bad purpose. If the position of the prosecutor was that he had been to trouble and expense in getting ready for trial, he would have had a right to demand as a condition to giving his consent that the county be reimbursed for what it had expended. The offer of money by respondent under these circumstances would have been for the purpose of influencing the action of the prosecuting attorney, and yet it would not have been a corrupt offer.

It is quite evident that the jury were having much trouble in reaching a verdict, and the question of the corrupt intent was the precise question which was perplexing them. In view of this, and the fact that the final instruction failed to state the necessary connection between the act of offering and the corrupt intent, we think it is not unlikely that the jury were misled as to their duty in the premises. Having reached this conclusion, it will be unnecessary to consider the other assignments of error.

The conviction is set aside, and a new trial granted.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred.