PEOPLE v. FLEMING.

1. CRIMINAL LAW—CONCUBINAGE.
   Concubinage is any form of illicit intercourse.

2. SAME—CHARGE AND PROOF OF PARTICULAR INTENT.
   People must charge and prove intent of one accused of crime when a particular intent is a necessary ingredient of the crime charged.

3. ABDUCTION—ATTEMPT TO ENTICE GIRL FROM HOME—EVIDENCE—INTENT.
   Conviction of attempt to entice 14-year old girl away from parents without their consent for purpose of concubinage is set aside, where defendant's purpose in attempting to entice child away is not shown.

Appeal from Eaton; McPeek (Russell R.), J. Submitted April 12, 1934. (Docket No. 155, Calendar No. 37,640.) Decided June 4, 1934.

William Fleming was convicted of attempting to entice a female under the age of 16 years away from her parents without their consent for the purpose of concubinage. Reversed, and new trial granted.

*Homer L. Bauer,* for appellant.

*Patrick H. O'Brien,* Attorney General, and *John L. Wright,* Prosecuting Attorney, for the people.

BUTZEL, J. William Fleming, defendant, was convicted of attempting to entice away a female child 14 years of age from her parents, without their consent, for the purpose of concubinage. Upon a supplementary information being filed charging him with two prior convictions for felonies, he was sentenced as a third offender to Jackson State prison for a term of not less than five nor more than ten years. The trial court stated that he was impressed with the importance of the questions raised by the defense, and believed them to be of sufficient merit to warrant an appeal. He therefore directed that, in the event of such an appeal, the expense be borne by the county.

The testimony of numerous witnesses called at the trial on behalf of the people established the following facts: On March 30, 1933, defendant called at the home of a 14-year old child, and had several conversations, first with her mother, and later with both parents. He represented that he was a physician with an invalid wife, and desired the services of the child to look after his wife while he was out on professional calls. He offered to give the child board, and permit her to attend a school near his home, and also to pay her a small wage. On his first visit, defendant asked that he be permitted to

take the little girl away for a few minutes to see his wife. When the child conditioned her acceptance upon her younger sister also being taken along, defendant replied that the car would be too crowded, as he had to meet three old ladies up town, and there would not be room for all. Defendant made many inconsistent statements, which caused the child's parents to become suspicious and send for the sheriff. The latter came to the house with his deputy, interviewed defendant, and finally ordered him to drive to the sheriff's office for further investigation. After the sheriff had alighted from his car and gone to unlock the office, defendant escaped by starting his own car just as the deputy was stepping out of it. He was apprehended some time later. There is no question but that the statements made by defendant to the child's parents were false in every respect. He assumed a false name, was not a physician, and had no home, and there was no showing that he had a wife. He admitted to the sheriff that his statements were untrue.

At the conclusion of the testimony by the witnesses called on behalf of the people, defendant did not take the stand, nor were any witnesses called on his behalf. His attorney requested the court to instruct the jury to render a verdict of "not guilty," on the ground that no evidence had been presented by the people to show what intent defendant had. The motion for a directed verdict was denied, and the defense rested its case. The jury then returned a verdict of guilty as charged.

Concubinage has been defined as any form of illicit intercourse. *People* v. *Bristol,* 23 Mich. 118; *People* v. *Cummons,* 56 Mich. 544. However, the difficulty with this case is that defendant's purpose in attempting to entice the child away from her

home is unknown. It is necessary for the people not only to charge, but to prove the intent on the part of respondent when the corrupt intent is made a necessary ingredient of the crime charged. *People* v. *Bilitzke,* 174 Mich. 329. The rule was stated by Mr. Justice CHRISTIANCY in *Roberts* v. *People,* 19 Mich. 400, 414, as follows:

"We think the general rule is well settled, to which there are few, if any, exceptions, that when a statute makes an offense to consist of an act combined with a particular intent, that intent is just as necessary to be proved as the act itself, and must be found by the jury, as a matter of fact, before a conviction can be had. But especially, when the offense created by the statute, consisting of the act and the intent, constitutes * * * substantially an attempt to commit some higher offense than that which the defendant has succeeded in accomplishing by it; we are aware of no well-founded exceptions to the rule above stated."

The prosecuting attorney contends that the circumstances, as well as the defendant's character, were such as to permit of no other inference than that he wanted to secure the child for the purpose of concubinage. He claims the proofs indicate that the child's parents were poor and had a large family, and that it therefore could not reasonably be inferred that defendant attempted to secure the possession of the child for the purpose of exacting money. He also calls attention to the following statement by Mr. Justice COOLEY in *People* v. *Carrier,* 46 Mich. 442, 446:

"It was also insisted that there was no evidence to go to the jury tending to show that the defendant enticed the woman from Barry's custody, or that,

if he did, his purpose was either prostitution, concubinage, or marriage. The facts were that defendant induced a brother of the girl to persuade her to meet him at a place away from Barry's house, and that after the interview which there took place the girl went off at once to Canada. How far, if at all, this was induced by the persuasions of the defendant was left to the jury on the facts.''

However, Justice Cooley went on to state that the prosecution had thrown light upon the intent by a showing of previous illicit relations and of the subsequent conduct of the parties.

Were the previous record of defendant in the instant case examined, it would be found that both of his former convictions were for making ''an indecent and obscene exposure of the person of another,'' that the exposure was of a female in both cases, and that it was of a female child in at least one of the cases. It is quite possible that defendant may be a pervert, with a strong psychopathic disposition toward the commission of the offense of indecent exposure of the person of another, and that such was his intent in the instant case. There are strong indications that defendant requires the attention of a psychiatrist and possibly institutionalizing, but that does not establish his guilt of the charge in the instant case. There is no evidence that defendant attempted to entice the child away for the particular purpose of concubinage, and for this reason the conviction must be set aside and a new trial ordered. Under the circumstances, it will be unnecessary to discuss whether defendant may be sentenced as a third-term offender, or whether his two previous offenses were felonies or misdemeanors.

The conviction is set aside and defendant is remanded to the custody of the sheriff for a new trial.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.