COLEMAN *v.* STATE OF INDIANA.

[No. 30,938. Filed March 13, 1967.]

*Don. R. Money,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Donald R. Ewers,* Assistant Attorney General, for appellee.

MOTE, J.—This is an appeal from Appellant's conviction in Division 2 of the Marion County Criminal Court upon indictment charging Appellant with the crime of first degree burglary. Omitting the formal parts, the indictment reads as follows:

"The Grand Jury for the County of Marion in the State of Indiana upon their oath do present that Eugene Coleman on or about the 18th day of September, A.D. 1965, at and in the County of Marion and in the State of Indiana, did then and there unlawfully, feloniously and burglariously break and enter into the dwelling house and place of human habitation of Margaret Conour, then and there situate at 902 N. Pennsylvania Street, Apartment No. 305, in the City of Indianapolis, in said County and State, with the intent to commit a felony therein, to-wit: unlawfully and feloniously to have carnal knowledge of Margaret Conour, a woman, forcibly and against her will, she, the said Marga-

ret Conour then and there not being the wife of the said Eugene Coleman, then and there being contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Indiana."

The Appellant waived a jury trial. He was found to be guilty and was sentenced by the court, under the provisions of the Statute under the Acts of the Indiana General Assembly 1941, ch. 148, § 4, p. 447, Burns' Ind. Stat. Anno. (1956 Repl.) § 10-701 (a), as follows:

"Whoever breaks and enters into any dwelling-house or other place of human habitation with the intent to commit any felony therein, or to do any act of violence or injury to any human being, shall be guilty of burglary in the first degree, and on conviction thereof shall be imprisoned not less than ten (10) years nor more than twenty (20) years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

It will be noted from the indictment that Appellant was charged with breaking and entering a dwelling house "with the intent to commit a felony therein, to-wit: unlawfully and feloniously to have carnal knowledge of Margaret Conour, a woman, forcibly and against her will, she, the said Margaret Conour then and there not being the wife of the said Eugene Coleman."

We have searched the briefs in vain in an attempt to discover testimony or evidence to sustain the charge in the indictment referred to above that the Appellant had any intent whatsoever "unlawfully and feloniously to have carnal knowledge of Margaret Conour, a woman, forcibly and against her will."

From the record before us, we have no question but what Appellant did enter the dwelling house as charged; however, when he was entering, or promptly thereafter, having mashed some tomatoes on the windowsill, he met Miss Conour, the prosecuting witness, and exclaimed that he was looking for

"Bob Samson" and was in the wrong place and attempted to escape from said apartment through the front door.

We find no substantial evidence that Appellant attacked Miss Conour for any purpose whatever and particularly for the purpose and with the intention of rape. On the other hand, we think it clearly appears that Appellant, when discovered either coming into or after entering the premises of Miss Conour, was exerting reasonable efforts to leave the place through a door, but he was restrained from so doing by Miss Conour.

It is our considered opinion that there has been a complete lack on the part of the State of Indiana to prove the indictment; as a consequence, the judgment rendered is hereby reversed.

NOTE.—Reported in 224 N. E. 2d 47.