PEOPLE *v.* BARNES

OPINION OF THE COURT

1. ROBBERY—ASSAULT WITH INTENT TO ROB BEING ARMED—SPECIFIC INTENT—EVIDENCE—INFERENCES.

The specific intent to rob in the crime of assault with intent to rob being armed must be proven and the specific intent may be inferred from the facts in evidence; however, the trier of fact cannot be allowed to speculate on the defendant's intent to commit robbery merely because an assault occurred.

2. ROBBERY—ASSAULT WITH INTENT TO ROB BEING ARMED—SPECIFIC INTENT—EVIDENCE—SUFFICIENCY.

Complainant's testimony that the defendant, a hitchhiking passenger in the car the complainant was driving, put an object that looked like a razor to the complainant's neck and said, "This is it, old man," but did not ask for money nor get any money from the complainant and a witness's testimony that the complainant, after the car crashed, stated that "That man in there is trying to rob me" and that the defendant did not respond to the complainant's charge was insufficient evidence to support defendant's conviction of assault with intent to rob being armed, because the intent to rob cannot be inferred simply because an assault occurred and because the defendant's remarks to the complainant could have indicated other intentions than an intent to rob.

DISSENT BY O'HARA, J.

3. CRIMINAL LAW—SPECIFIC INTENT—EVIDENCE.

*Specific intent is a state of mind largely unprovable by extrinsic facts; specific intent is almost invariably an inference to be drawn from other facts.*

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur, Robbery § 65 *et seq.*
[2] 46 Am Jur, Robbery § 66.
[3] 21 Am Jur 2d, Criminal Law § 82.
[4, 5] 29 Am Jur 2d, Evidence §§ 209, 633.

4. ROBBERY—ASSAULT WITH INTENT TO ROB BEING ARMED—SPECIFIC
    INTENT—EVIDENCE—INFERENCE.

> The complainant's testimony that defendant, after putting a
> razor to the complainant's neck, said "This is it, old man",
> and a witness's testimony that the complainant exclaimed
> "That man in there is trying to rob me" within easy earshot
> of the defendant and the defendant did not deny the state-
> ment furnished an ample evidentiary basis for an inference
> of intent to rob, because silence in the face of an accusation
> is received in evidence under certain circumstances on the
> theory that such silence indicates acquiescence in the accusa-
> tion.

5. CRIMINAL LAW—EVIDENCE—SILENCE.

> Silence in the face of an accusation is received in evidence in
> criminal cases under certain circumstances on the theory that
> such silence indicates acquiescence in the accusation.

Appeal from Recorder's Court of Detroit, Vincent
J. Brennan, J.   Submitted Division 1 December 7,
1970, at Detroit.   (Docket No. 8115.)   Decided Feb-
ruary 17, 1971.

Feaster C. Barnes was convicted of assault with
intent to rob being armed.   Defendant appeals.
Reversed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Robert A. Reu-
ther,* Assistant Prosecuting Attorney, for the people.

*Charles G. Tangora,* for defendant on appeal.

Before: LESINSKI, C. J., and LEVIN and O'HARA,*
JJ.

LESINSKI, C. J.   Defendant Feaster Barnes was
convicted by a jury of assault with intent to rob

---

*Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

being armed. MCLA § 750.89 (Stat Ann 1962 Rev
§ 28.284). He appeals as of right claiming that the
evidence was insufficient to warrant conviction on
that charge.

The testimony at trial showed that defendant was
hitchhiking when, in exchange for short-cut direc-
tions to the Michigan Central Depot, he was given
a ride by the complaining witness. The complain-
ant's testimony was that while defendant was giving
the directions, *en route,* the following took place
after 15 minutes had elapsed:

"*A.* Well, he told me to drive on down, and so I
started going to the viaduct. He said, 'No, don't
go that way, turn here.' * * * So I made a left
turn there and by the time I got half way of the
block [*sic*] he put this object around my neck; it
looked like a razor to me, shoved into a handle, and
he said, 'This is it, old man.' "

A struggle ensued, the car crashed, and defendant
was apprehended by bystanders.

One witness testified that he heard complainant
say, after exiting the crashed vehicle, "That man in
there is trying to rob me". That testimony was not
offered to prove the truth of the matter asserted,
but to show that an accusation was made to which
defendant did not respond.[1]

Complainant's testimony was:

"*A.* He didn't get no money off me [*sic*].
"*Q.* He didn't ask for any money, did he?
"*A.* He didn't ask for any.
"*Q.* I see.
"*A.* He just told me, 'Old man, this is it.' "

---

[1] See *People* v. *Todaro* (1931), 253 Mich 367; Compare *People*
v. *Bigge* (1939), 288 Mich 417. In light of the fact that defendant
was in the *crashed* vehicle when complainant's statement was
alleged to have been made, the probative value of this evidence is
discounted since there was no showing that defendant *heard* the
accusation or had an opportunity to respond. *People* v. *Courtney*
(1913), 178 Mich 137, 149.

In order to sustain a conviction for assault with intent to rob, the specific intent must be proved. *People* v. *Lilley* (1880), 43 Mich 521; *People* v. *Fleming* (1934), 267 Mich 584. This intent may be inferred from facts in evidence. *Roberts* v. *People* (1870), 19 Mich 401.

In the instant case it cannot fairly be said that the facts in evidence support a finding of specific intent to rob. The phrase, "This is it, old man", in the context in which it was used could have signaled a number of intentions. Complainant's testimony belies defendant's intent to rob. The circumstances surrounding the assault standing alone do not justify an inference of that intent. The jury cannot be allowed to speculate on defendant's intent to commit robbery merely because an assault occurred.

Reversed.

LEVIN, J., concurred.

O'HARA, J. (*dissenting*). I respectfully disagree with my colleagues.

Specific intent is a state of mind largely unprovable by extrinsic facts. It is almost invariably an inference to be drawn from other facts.

Defendant, in placing an object which resembled a razor at complainant's throat and saying, "This is it, old man," evidenced an intent less than amicable toward complainant. This assault coupled with the complainant's *res gestae* statement, "That man in there is trying to rob me", made within easy earshot of defendant, but undenied by him, furnished ample evidentiary basis for an inference of an intent to rob.

"Silence in face of an accusation is received in evidence under certain circumstances on the theory

that such silence indicates acquiescence in the accusation." *People* v. *Gisondi* (1967), 9 Mich App 289, 293.

There is no error. The conviction should be affirmed.