PEOPLE v PALMER

1. BURGLARY—BREAKING AND ENTERING—INTENT—CLASSIFICATION.

The Legislature has established two classes of breaking and entering, a felony which requires proof of intent to commit any felony or larceny, and a misdemeanor which does not require proof of such intent (MCLA 750.110, 750.115).

2. BURGLARY—BREAKING AND ENTERING—INTENT—CIRCUMSTANTIAL EVIDENCE.

Minimal circumstantial evidence is sufficient to sustain the conclusion that intent to commit a larceny is present when a breaking and entering, or attempt to break and enter, can be shown, since such mischief is a normal incident to a breaking and entering and a person's state of mind is difficult to prove; but the evidence must reasonably lead to that conclusion (MCLA 750.92, 750.110).

3. BURGLARY—BREAKING AND ENTERING—INTENT—PRESUMPTIONS.

A presumption of an intent to steal does not arise solely from the proof of breaking and entering (MCLA 750.110).

4. BURGLARY—BREAKING AND ENTERING—INTENT—INFERENCES.

A trier of fact could not properly infer the intent to commit larceny rather than some other mischief where the breaking was attempted at noontime, the building was an occupied dwelling house, not a store containing money or readily salable merchandise, the defendant was acquainted with one of the residents of the house, and there is no suggestion of anything of particular value in the house (MCLA 750.110).

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 April 4, 1972, at Detroit. (Docket No. 12350.) Decided August 29, 1972.

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur 2d, Burglary § 24.
[2–4] 13 Am Jur 2d, Burglary §§ 45, 52.

Jerome Palmer was convicted of aiding and abetting the breaking and entering of an occupied dwelling house with intent to commit larceny. Defendant appeals. Reversed and remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *David A. Goldstein,* Assistant Defender, for defendant.

Before: LEVIN, P. J., and BRONSON and VAN VALKENBURG,* JJ.

LEVIN, P. J. The defendant, Jerome Palmer, was convicted by the trial judge, sitting without a jury, of aiding and abetting the attempted breaking and entering of an occupied dwelling house with intent to commit larceny.[1] We reverse and remand for resentencing on the lesser included offense of attempted breaking and entering[2] because the people failed to establish Palmer's intent to commit larceny.

Palmer was seen by police officers as he was standing at the foot of the back door stairway of a Detroit residence. Two companions were at the door—one armed with an automobile lug wrench.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 750.110, 750.92; MSA 28.305, 28.287.

[2] MCLA 750.115; MSA 28.310.

All three ran upon seeing the officers and only Palmer was apprehended.[3]

We could safely generalize that breaking and entering is not undertaken as an end in itself, nor as an avenue to innocent pastimes. It is usually the first step toward the commission of some further criminal act in the invaded premises.

Nevertheless, the Legislature has established two classes of breaking and entering, one a felony and one a misdemeanor.[4] The more heinous crime, of which Palmer was convicted, requires proof that the defendant broke and entered "with intent to commit any felony or larceny therein".[5]

In this case, the information charged that Palmer attempted to break and enter with intent to commit the crime of larceny.[6] Because such mischief is a normal incident to a breaking and entering, and because of the difficulty of proving the actor's state of mind, minimal circumstantial evidence has been found sufficient to sustain the conclusion that the defendant entertained the re-

---

[3] In addition to the testimony of the police officers, one of the residents of the house was attracted by a noise and saw a pair of hands wielding "a little sharp object" in an attempt to force open the door.

[4] MCLA 750.110; MSA 28.305 makes breaking and entering with intent to commit any felony or larceny a felony punishable by not more than 10 years imprisonment, or not more than 15 years if the building is an occupied dwelling.

MCLA 750.115; MSA 28.310 makes it a misdemeanor to break and enter without first obtaining permission to enter.

[5] MCLA 750.110; MSA 28.305.

[6] The Michigan Supreme Court has held that one charged generally with the *completed* offense of breaking and entering with intent to commit a "felony" is not adequately informed of the charge against him, and that the people have the duty to allege and prove the particular felony claimed to have been intended. *People v Westerberg,* 274 Mich 647 (1936). Since Palmer was charged with attempted breaking and entering with intent to commit a "larceny" we need not consider whether the same rule should be applied were the prosecutor to charge a defendant with an *attempt* to break and enter with intent to commit a "felony".

quisite intent.[7] There must, however, be some circumstance reasonably leading to the conclusion that a larceny was intended.[8] A "presumption of an intent to steal does not arise solely from the proof of breaking and entering". *State v Harris,* 40 Wis 2d 200, 210; 161 NW2d 385, 391 (1968).

In this case the breaking was attempted at noontime. The building was an occupied dwelling house, not a store containing money or readily salable merchandise.[9] Palmer was acquainted with one of the residents of the house, and had in fact been in the house the preceding day. There is no suggestion in the record of anything of particular value in the house which Palmer and his companions might have been seeking.

We conclude that the trier of fact could not properly infer from the evidence an intent to commit larceny rather than some other mischief. Since he could have and quite clearly did find the other elements of the crime charged,[10] we do not

[7] See *People v Curley,* 99 Mich 238 (1894); *People v Boyce,* 314 Mich 608 (1946); *People v Butler,* 27 Mich App 404 (1970); *People v Hughes,* 27 Mich App 221 (1970).

[8] See *People v Johnson,* 4 Mich App 205 (1966); *People v Lee,* 14 Mich App 328 (1968); *Crawford v State,* 251 Ind 437, 441; 241 NE2d 795, 797 (1968); *Coleman v State,* 248 Ind 137; 224 NE2d 47 (1967); *State v Harris,* 40 Wis 2d 200; 161 NW2d 385 (1968). *Cf. People v Barnes,* 30 Mich App 586 (1971); *remanded,* 387 Mich 770 (1972); *People v Morrow,* 21 Mich App 603, 606 (1970); *Jones v Commonwealth,* 208 Va 370; 157 SE2d 907 (1967).

In *People v Westerberg, supra,* p 649, the Michigan Supreme Court declared that "in this prosecution it was essential to charge *and prove* a particular felony or a particular felonious intent". (Emphasis supplied.)

[9] *Cf. People v Lambo,* 8 Mich App 320, 324 (1967).

[10] The trial judge said:

"I am satisfied beyond a reasonable doubt that he aided and abetted in the attempt to break and enter the dwelling over on Sylvester Street here in the City of Detroit, and under Michigan statute aiding and abetting is punishable as though you actually committed the offense."

It is noteworthy that he did not here specifically find an intent to commit larceny.

order a new trial but remand for resentencing on the lesser included offense of attempted breaking and entering.[11]

Palmer also contends that charging him as a principal and convicting him as an aider and abettor deprived him of notice of the charge against which he was required to defend himself. The distinction between principal and accessory has, however, been abolished by statute; the statute expressly provides that one who aids or abets —an accessory—the commission of an offense may be "prosecuted, *indicted, tried* and on conviction shall be punished as if he had directly committed such offense".[12] (Emphasis supplied.)

Our disposition of this case makes it unnecessary to consider Palmer's other contentions.

Reversed and remanded for resentencing on the lesser included offense of attempted breaking and entering.[13]

All concurred.

---

[11] *Cf. People v Lee, supra; People v McFarland,* 14 Mich App 313 (1968); *People v Morrin,* 31 Mich App 301, 337 (1971).

[12] MCLA 767.39; MSA 28.979. See *People v Dockery,* 20 Mich App 201, 207 (1969); *People v Elmer Weatherspoon,* 6 Mich App 233, 236 (1967).

[13] See *People v Bauer,* 216 Mich 659, 661 (1921); Perkins, Criminal Law (2d ed), p 552, fn 2.