PEOPLE v WEST

Docket No. 61809. Submitted October 7, 1982, at Lansing.—Decided January 19, 1983. Leave to appeal applied for.

Tommy West was convicted, on his plea of guilty, of breaking and entering a store with intent to commit larceny and of larceny in a store, Bay Circuit Court, John X. Theiler, J. Defendant appeals, alleging that the trial court erred by not explaining his rights to him at the plea-taking proceeding and that his conviction of both crimes violates double jeopardy. *Held:*

1. The record reveals that the court did properly advise the defendant of his rights in compliance with the court rule governing the taking of guilty pleas.

2. Larceny in a store is a cognate lesser included offense of breaking and entering with intent to commit larceny. Michigan employs a twofold test when considering a claim of double jeopardy as a result of conviction of multiple offenses. First, does each offense require proof of a fact which the other does not; and second, if, factually, the convictions are based on proof of a single act the separate crimes are held to consist of nothing more than a greater crime and certain of its lesser included offenses. In this case, the two convictions are based on proof of a single act, the completed larceny. Therefore, both convictions cannot stand, and the conviction of the lesser offense must be vacated.

The conviction for breaking and entering with intent to commit larceny is affirmed; the conviction for larceny in a store is vacated.

BEASLEY, P.J., concurred in the result only because the factual basis for both convictions was the single theft.

OPINION OF THE COURT

1. LARCENY — LESSER INCLUDED OFFENSES.
   Larceny in a building is a cognate lesser included offense of

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur 2d, Burglary § 36.
[2, 3, 5, 6] 21 Am Jur 2d, Criminal Law § 266.
[4, 5, 6] 21 Am Jur 2d, Criminal Law § 276.

breaking and entering a building with intent to commit a larceny (MCL 750.110, 750.360; MSA 28.305, 28.592).

2. CRIMINAL LAW — LESSER INCLUDED OFFENSES.

A cognate lesser included offense shares several elements of the greater offense and is of the same class or category, but may contain some elements not found in the greater offense.

3. CONSTITUTIONAL LAW — DOUBLE JEOPARDY.

A twofold test is applied when considering a claim of double jeopardy based on two convictions: first, whether each offense requires proof of a fact which the other does not, notwithstanding a substantial overlap in the proof offered to establish the crimes; and second, whether, factually, the convictions are based on proof of a single act.

4. CRIMINAL LAW — DOUBLE JEOPARDY — LESSER INCLUDED OFFENSES.

A defendant who is tried for an offense which includes lesser offenses, where convictions of both offenses would be based on proof of a single act, who is found guilty of the greater offense may not also be found guilty of the lesser offense.

5. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — CRIMINAL LAW.

A defendant's convictions of both breaking and entering a store with intent to commit a larceny and larceny in a store violate the protection against double jeopardy where both convictions were based upon the fact of the completed larceny.

CONCURRENCE BY BEASLEY, P.J.

6. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — CRIMINAL LAW.

A defendant's convictions of both larceny in a store and breaking and entering a store with intent to commit a larceny violate the protection against double jeopardy where both convictions were based upon the fact of the completed larceny.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Elgin L. Wheeler),* for defendant.

Before: BEASLEY, P.J., and M. J. KELLY and W. S. WHITE,* JJ.

M. J. KELLY, J. Defendant pled guilty to breaking and entering a store with intent to commit a larceny, MCL 750.110; MSA 28.305, and larceny in a store, MCL 750.360; MSA 28.592. He was sentenced to a term of from 7 to 20 years on the breaking and entering charge and to a term of from 4 to 8 years on the larceny charge, the two sentences to run concurrently. Defendant appeals as of right.

Defendant argues first that the plea-taking court erred by providing defendant with a printed eight-page statement of rights pamphlet rather than orally explaining defendant's rights to him. GCR 1963, 785.7 directs a plea-taking court to advise a defendant of certain rights and possible penalties when the defendant pleads guilty or nolo contendere. The transcript of defendant's plea-taking proceeding has been carefully examined. We find the court complied with GCR 1963, 785.7 without regard to the printed rights form. Thus, defendant's argument under this issue is without merit. *Cf. People v Lockett,* 111 Mich App 405; 314 NW2d 640 (1981), *rev'd* 413 Mich 868; 318 NW2d 31 (1982).

Defendant argues next that his convictions for both breaking and entering a store with the intent to commit a larceny and larceny in a store violate his constitutional guarantees against double jeopardy. Larceny in a store is a cognate lesser included offense of breaking and entering a store with the intent to commit a larceny. See *People v Kamin,* 405 Mich 482, 496; 275 NW2d 777 (1979); accord, *People v Brager,* 406 Mich 1004; 280 NW2d

* Circuit judge, sitting on the Court of Appeals by assignment.

826 (1979). Cognate lesser included offenses share several elements of the greater offense, are of the same class or category, but may contain some elements not found in the higher offense. *People v Ora Jones,* 395 Mich 379, 387; 236 NW2d 461 (1975). The fact that the lesser offense has an element not included within the greater does not preclude the lesser from being included within the greater. *Ora Jones, supra,* pp 388-389.

In *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979), the Supreme Court dealt with the federal[1] and Michigan[2] double jeopardy rules. That case makes clear that in Michigan there are two different double jeopardy protection tests that must be applied. The first is a federal test, enunciated in *Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932), and *Iannelli v United States,* 420 US 770; 95 S Ct 1284; 43 L Ed 2d 616 (1975). That test looks to whether each offense requires proof of a fact which the other does not, notwithstanding a substantial overlap in the proof offered to establish the crimes. *Iannelli, supra,* p 785, fn 17. Conviction both of breaking and entering a store with the intent to commit a larceny and of larceny in a store does not violate this federal standard. Breaking and entering a store with the intent to commit a larceny requires proof that the defendant broke and entered with the necessary intent. It does not require that a larceny actually occurred. Larceny in a store, however, requires that the larceny actually occurred. Conversely, there is no requirement that there be a breaking and entering.

In Michigan, however, a second test must be applied. Michigan courts focus on the factual

---

[1] US Const, Am V.

[2] Const 1963, art 1, § 15.

proofs involved. *Wayne County Prosecutor, supra,*
p 399. When tried for an action which includes
lesser included offenses, if the jury finds guilt of
the greater, the defendant may not also be con-
victed separately of the lesser included offense.
*People v Martin,* 398 Mich 303, 309; 247 NW2d
303 (1976). Thus, under Michigan law rather than
federal, if, factually, the convictions are based on
proof of a single act, the separate crimes are held
to consist of nothing more than a greater crime
and certain of its lesser included offenses. See
*People v Jankowski,* 408 Mich 79, 86; 289 NW2d
674 (1980). In such a case, multiple convictions
cannot be allowed to stand. *Jankowski, supra,* p
86.

"For purposes of the double jeopardy analysis, as a
matter of state constitutional law, the question is not
whether the challenged lesser offense is by definition
necessarily included within the greater offense also
charged, but whether, on the facts of the case at issue,
it is." *Jankowski, supra,* p 91.

Under Michigan's factual test, the convictions in
the instant case of breaking and entering a store
with the intent to commit a larceny and larceny in
a store violate the protection against double jeop-
ardy. A presumption of intent to commit a larceny
does not arise solely from proof of a breaking and
entering. *People v Palmer,* 42 Mich App 549, 552;
202 NW2d 536 (1972). Rather, there must be some
circumstance reasonably leading to the conclusion
that a larceny was intended. *Palmer, supra,* p 552.
When larceny in a store is charged along with
breaking and entering a store with the intent to
commit a larceny, it is the completed larceny that
is being used as the "some circumstance reason-
ably leading to the conclusion that a larceny was

intended". The only factual evidence that defendant intended to commit a larceny when he broke and entered is his completed larceny. As such, the two convictions are based on proof of a single act. Under Michigan law, such proof cannot sustain double convictions. See *Jankowski, supra,* p 86.

Defendant's conviction for breaking and entering a store with the intent to commit a larceny is affirmed. His conviction for larceny in a store is vacated.

W. S. WHITE, J., concurred.

BEASLEY, P.J. *(concurring).* I concur in the result.

The narrow issue on appeal is whether the facts shown in the transcript of the plea-taking procedure will support a finding of guilty of both offenses. If both the breaking and entering and the larceny in a building rest upon the same theft of money inside the flower shop, current state interpretation of the constitutional prohibition against double jeopardy requires setting aside of the larceny in a building conviction.[1]

On this record, it is a close question. In breaking and entering cases, the intent to commit larceny often arises as a necessary inference from the breaking and entering. But, in the within case, the factual basis for both pleas was the theft of money inside the flower shop. Consequently, since both pleas seem to rest on the same factual basis, I agree with the result reached by the majority in setting aside the larceny in a building conviction.

[1] *People v Jankowski,* 408 Mich 79; 289 NW2d 674 (1980).