## PEOPLE v STEVENS

Docket No. 67460. Submitted July 19, 1983, at Lansing.—Decided October 24, 1983. Leave to appeal applied for.

Michael E. Stevens was charged with breaking and entering an unoccupied residence with intent to commit larceny. At the preliminary examination on April 20, 1982, an amended complaint was filed adding a second count of larceny over $100. Proofs taken at the preliminary examination disclosed that when the owner of the residence returned home March 17, 1982, he found the front door open, papers scattered about, and items in various drawers strewn around. Missing were a stereo, dishes, and other items with an estimated value of around $2,500. At the conclusion of the preliminary examination defendant was bound over on both counts. Defendant did not object to being bound over on both charges, except to assert there was insufficient evidence to bind him over on the breaking and entering count. Defendant was convicted, on his plea of guilty, of both charges, Bay Circuit Court, William J. Caprathe, J. He also admitted having seven previous felony convictions as set out in a supplemental information.

In another case, defendant was charged with receiving and concealing stolen property over $100. Also, a supplemental information charging the same seven prior felony convictions was filed. Defendant was convicted of receiving and concealing stolen property on his plea of guilty as a result of a plea bargain whereby the prosecutor agreed not to proceed on the supplemental information, Bay Circuit Court, William J. Caprathe, J. Defendant appealed both convictions. *Held:*

1. A plea of guilty acts as a waiver of all nonjurisdictional defects. Defendant's contention that he was overcharged alleges a nonjurisdictional defect which was waived by his plea.

2. A plea of guilty to both breaking and entering with intent to commit larceny and larceny does not violate the protection

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 339, 490.
[2] 21 Am Jur 2d, Criminal Law §§ 256, 461.
[3] 50 Am Jur 2d, Larceny § 138.
[4] 21 Am Jur 2d, Criminal Law § 278.

against double jeopardy where there is ample proof of intent to commit larceny apart from the larceny itself. Intent was established from the condition of the residence apart from the fact that items were taken.

3. Defendant's sentences for breaking and entering and larceny, 15 to 50 years on each, were not excessive.

4. A prosecutor is not precluded on double jeopardy grounds from proceeding on identical supplemental informations to augment the sentences in two separate prosecutions of a defendant. Defendant's plea bargain was not illusory.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — WAIVER.

A plea of guilty acts as a waiver of all nonjurisdictional defects.

2. CRIMINAL LAW — GUILTY PLEAS — WAIVER — DOUBLE JEOPARDY.

A claim of double jeopardy, at least as it pertains to whether a trial should have taken place at all, is not waived by a plea of guilty.

3. LARCENY — BREAKING AND ENTERING — DOUBLE JEOPARDY.

A plea of guilty to both breaking and entering with intent to commit larceny and larceny does not violate the protection against double jeopardy where there is ample proof of intent to commit larceny apart from the larceny itself.

4. CRIMINAL LAW — SENTENCING — SUPPLEMENTAL INFORMATION — DOUBLE JEOPARDY.

A prosecutor is not precluded on double jeopardy grounds from proceeding on identical supplemental informations to augment the sentences in two separate prosecutions of a defendant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Chari Grove),* for defendant on appeal.

Before: BEASLEY, P.J., and ALLEN and G. R. DE-NEWETH,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

ALLEN, J. This appeal concerns defendant's pleas of guilty to two separate offenses occurring on different dates and under different circumstances. Lower court case #1119 concerns an incident occurring April 2, 1982. Lower court case #1111 concerns an incident taking place March 16, 1982. Because the facts and issues are different, we discuss the cases separately.

## Case #1111

On April 8, 1982, a complaint and warrant were issued charging defendant with breaking and entering an unoccupied residence with intent to commit larceny on March 16, 1982. At the preliminary examination on April 20, 1982, an amended complaint was filed adding a second count of larceny over $100. Proofs taken at the preliminary examination disclosed that when the owner of the residence returned home March 17, 1982, he found the front door open, papers scattered about, and items in various drawers strewn around. Missing were a stereo, dishes, and other items with an estimated value of around $2,500. At the conclusion of the preliminary examination defendant was bound over on both counts. Defendant did not object to being bound over on both charges, except to assert there was insufficient evidence to bind him over on count one.

On July 2, 1982, defendant pled guilty as charged on both counts. He also admitted having seven previous felony convictions as set forth in a supplemental information filed by the prosecution. No plea bargain was involved in the case and on August 23, 1982, defendant was sentenced to concurrent sentences of 15 to 50 years on both counts.

Defendant first argues that he was "overcharged" when he was charged with both breaking

and entering an unoccupied dwelling with intent to commit larceny (count one) and larceny over $100 (count two). For several reasons, we are not persuaded. First, the objection comes far too late. No objection was made when count two was added or when defendant was bound over to circuit court. Nor was an "overcharge" objection made when defendant pled guilty or later when defendant was sentenced. Second, the defect, if any, is nonjurisdictional in nature and, as such, is waived by a plea of guilty.

A more difficult question is presented by defendant's claim that conviction for both offenses is precluded on grounds of double jeopardy. A claim of double jeopardy, at least as it pertains to whether a trial should have taken place at all, unlike an "overcharging" claim, is not waived by a subsequent guilty plea. *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976). In *People v West,* 122 Mich App 517; 332 NW2d 517 (1983), a separate panel of this Court (which included one member of the instant panel) held that under Michigan law a plea of guilty to both breaking and entering with intent to commit larceny and larceny violates the protection against double jeopardy when the completed larceny alone is used to support the conclusion that when the building was broken into a larceny was intended.

"Under Michigan's factual test, the convictions in the instant case of breaking and entering a store with the intent to commit a larceny and larceny in a store violate the protection against double jeopardy. A presumption of intent to commit a larceny does not arise solely from proof of a breaking and entering. *People v Palmer,* 42 Mich App 549, 552; 202 NW2d 536 (1972). Rather *there must be some circumstance reasonably leading to the conclusion that a larceny was intended. Palmer, supra,* p 552. When larceny in a store is

charged along with breaking and entering a store with the intent to commit a larceny, it is the completed larceny that is being used as the 'some circumstance reasonably leading to the conclusion that a larceny was intended'. *The only factual evidence that defendant intended to commit a larceny when he broke and entered is his completed larceny.* As such, the two convictions are based on proof of a single act. Under Michigan law, such proof cannot sustain double convictions. See *[People v Jankowski,* 408 Mich 79, 86; 289 NW2d 674 (1980)]." (Emphasis supplied.) 122 Mich App 521-522.

Defendant argues that the analysis used in *West* is equally applicable to the case at bar and that *West* controls. The prosecution contends that *West* was wrongly decided or is at least distinguishable. We find *West* distinguishable. While the instant case and *West* each involved guilty pleas to the same offenses, in *West* "the only factual evidence that defendant intended to commit larceny when he broke and entered [was] his completed larceny", whereas, in the instant case, intent to commit larceny is established by the numerous papers strewn about the house and the various drawers rummaged through. Thus, there was ample proof of intent quite apart from the subsequent taking of a stereo and other articles. In the instant case, proof of the intent to commit larceny involved no proof of taking whatsoever.[1] Even though breaking and entering and a subsequent larceny are now recognized as cognate lesser included offenses, the

---

[1] Citing *People v Robert Brown,* 72 Mich App 749, 750-751; 250 NW2d 522 (1976), the prosecution claims breaking and entering and a subsequent larceny are two distinct and separate offenses, and consequently there can be no double jeopardy. However, this proposition in *Brown* was *sub silentio* overruled by the Supreme Court in *People v Kamin,* 405 Mich 482, 496; 275 NW2d 777 (1979), which expressly held that larceny was a "cognate lesser included offense of breaking and entering". See also the order entered in *People v Brager,* 406 Mich 1004; 280 NW2d 826 (1979).

fact that in the instant case there is "some circumstance (other than the subsequent larceny) reasonably leading to the conclusion that larceny was intended", precludes a finding of double jeopardy.

Finally, defendant submits that his sentence of 15 to 50 years in prison is excessive in light of the nonviolent nature of the offenses involved and the light sentence of 20 to 30 months given the codefendant. Defendant asks that we hold a decision in abeyance pending the Supreme Court's resolution in three cases involving appellate sentencing review.[2] Given the litany of prior offenses committed by defendant, we do not consider the sentence excessive. Further, until the Supreme Court changes the long-established rule on sentence review, the sheer number of cases which would potentially be withheld precludes us from withholding a decision.

## Case #1119

On April 6, 1982, a complaint and warrant were issued charging defendant with receiving and concealing stolen property over $100, contrary to MCL 750.535; MSA 28.803, in an incident occurring April 2, 1982. At the start of the preliminary examination held April 29, 1982, an amended complaint was filed alleging in the alternative that defendant committed the offense of larceny. A supplemental information was also filed charging defendant with seven prior offenses. The prior offenses so listed were the identical prior offenses listed in the supplemental information filed in case #1111. April 29, 1982, defendant waived preliminary examination on the charge and alternative

---

[2] The Supreme Court has granted leave to appeal in *People v Waits,* 412 Mich 914 (1982), *People v Coles,* 412 Mich 917 (1982), and *People v Gonzales,* 412 Mich 917 (1982).

charge and was bound over to circuit court to stand trial.

August 2, 1982, defendant pled guilty to receiving and concealing stolen property over $100. In return for the plea, the people agreed not to pursue further the supplemental information of seven prior offenses filed in both case #1111 and #1119. August 23, 1982, the same date that defendant was sentenced in case #1111, defendant was sentenced to 40 to 60 months in prison for receiving and concealing stolen property, said sentence to run concurrently with the sentence imposed in case #1111.

On appeal, defendant claims that the plea bargain was illusory because the prosecution was precluded by double jeopardy from proceeding on the supplemental information in case #1119 because defendant had plead guilty to the same supplemental information in case #1111. As defendant correctly points out, double jeopardy protects not only against a second prosecution for the same offense but also against multiple punishments *for the same offense. People v Martin,* 398 Mich 303, 309; 247 NW2d 303 (1976).

The flaw in defendant's argument is the assumption that a supplemental information alleges a substantive criminal offense. As has been repeatedly held, a supplemental information does not make a separate substantive crime out of a collection of past offenses, but rather involves a procedure for sentence enhancement of a subsequent committed offense.

"In *People v Shotwell,* 352 Mich 42, 46; 88 NW2d 313 (1958), the Court said 'the legislature did not intend to make a separate substantive crime out of being an habitual criminal but rather, for deterrent purposes, intended to augment the punishment for second or

subsequent felonies'. See *People v Ungurean,* 51 Mich App 262; 214 NW2d 873 (1974), and *People v Holbrook,* 60 Mich App 628; 231 NW2d 469 (1975), *lv gtd* 395 Mich 752 (1975). In *People v Judge of Recorder's Court,* 251 Mich 626, 627; 232 NW 402 (1930), the Court said the legislation 'merely provides a procedure after conviction for the determination of a fact which the court is required to consider in imposing sentence'." *People v Hendrick,* 398 Mich 410, 416-417; 247 NW2d 840 (1976).

The constitutional protection against double jeopardy contained in both the United States and Michigan Constitutions precludes a person from being subjected to prosecution for *the same offense* and thereby being twice placed in jeopardy. But in the instant case defendant was not being subjected to prosecution for the same offense. Instead, the same past offenses were used to augment two different and distinct offenses. Nor does the admonition prohibiting double punishment "for the same offense" found in *Martin, supra,* p 309, apply. Here the augmented punishment was not for the "same offense" but was for two different and later committed offenses. It is the underlying felony to which the plea is entered that is the offense, not the supplemental information. Had the plea bargain not been entered into, the prosecutor could have proceeded against defendant, using the supplemental information to augment the sentence for the underlying felony. This being so, the plea bargain was not illusory.

No error having been found in either case #1111 or case #1119, defendant's convictions and sentences in both cases are affirmed.

Affirmed.