PEOPLE v FROST

PEOPLE v DRAIN

Docket Nos. 81629, 81858. Submitted October 9, 1985, at Detroit.—
Decided December 13, 1985.

Barry D. Frost and Reginald L. Drain were convicted of attempted breaking and entering an occupied dwelling with intent to commit a larceny following a bench trial in Recorder's Court of Detroit, Leonard Townsend, J. The evidence at trial established that the defendants had been observed by police officers attempting to make a forced entry into a dwelling house through the front door but that they had run before they had made entry when they observed the police officers. Defendants individually appealed, claiming that there was insufficient evidence to sustain their convictions. The appeals were consolidated. *Held:*

1. Conviction for attempted breaking and entering an occupied dwelling with intent to commit a larceny requires proof beyond a reasonable doubt that the attempted breaking and entering was accompanied with the requisite intent to commit a larceny.

2. No presumption of an intent to steal arises solely from proof of a breaking and entering. While minimal circumstantial evidence will sustain the conclusion that the defendant entertained the requisite intent, there must be some evidence reasonably leading to that conclusion.

3. Since there was no evidence that there was anything of value in the house which defendants attempted to break and enter and no other evidence tending to establish the requisite intent to steal, the proofs at trial sustain only a conviction for the misdemeanor of attempted breaking and entering.

Reversed and remanded.

REFERENCES

Am Jur 2d, Appeal and Error §§ 880 *et seq.*

Am Jur 2d, Burglary §§ 8 *et seq.*

Applicability of best evidence rule to proof of ownership of allegedly stolen property in prosecution for theft. 94 ALR3d 824.

See also the annotations in the ALR3d/4th Quick Index under Weight and Sufficency of Evidence.

1. CRIMINAL LAW — APPEAL — SUFFICIENCY OF EVIDENCE.

   The standard for review of challenges to the sufficiency of the evidence in a bench trial of a criminal defendant is that the Court of Appeals must determine whether, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could find that the essential elements of the crime had been proven beyond a reasonable doubt.

2. BURGLARY — BREAKING AND ENTERING WITH INTENT TO COMMIT LARCENY.

   The elements of the crime of breaking and entering a building with intent to commit larceny therein are: (1) the breaking and entering of (2) a building or occupied dwelling with (3) felonious intent (MCL 750.110; MSA 28.305).

3. BURGLARY — BREAKING AND ENTERING WITH INTENT TO COMMIT LARCENY — INTENT — PRESUMPTIONS.

   A presumption of intent to steal does not arise solely from the proof of a breaking and entering; while minimal circumstantial evidence is sufficient to sustain a conclusion that a defendant entertained the requisite intent, there must be some evidence reasonably leading to such a conclusion (MCL 750.110; MSA 28.305).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Curtis W. Smith,* Assistant Prosecuting Attorney, for the people.

*Norman R. Robiner,* for defendant Frost.

*Gerald M. Lorence,* for defendant Drain.

Before: R. M. MAHER, P.J., and WAHLS and HOOD, JJ.

PER CURIAM. Defendants were convicted following a bench trial of attempted breaking and entering of an occupied dwelling with the intent to commit larceny, MCL 750.110; MSA 28.305 and MCL 750.92; MSA 28.287. Each defendant was sentenced to three years' probation, with the first

year to be served in the Detroit House of Correction, each appealed as of right, and the cases were consolidated on appeal.

Defendant Frost alleges that the trial court's findings on the element of intent to commit larceny were insufficient to allow meaningful appellate review, and both defendants allege that there was insufficient evidence to support the trial court's finding that defendants attempted to break and enter with intent to commit larceny. Our disposition of the latter issue makes any discussion of the specificity of the trial court's findings unnecessary.

The complainant testified that he left his home in the morning, that he locked his windows and doors and that the doors were secured with dead-bolt locks and a "fox police lock". He also indicated that he gave no one permission to enter his premises and that when he returned in the evening there was extensive evidence that someone had attempted to break into his home. The arresting officers testified that at about noon of the day in question they observed the defendants standing between the screen and front door on the front porch of the complainant's home. They indicated that, when the defendants looked in the direction of the officers' scout car, they jumped off the porch and fled and that a pursuit ensued. The officers chased and apprehended the defendants, after which a return to complainant's home revealed unmistakable evidence that an attempt had been made to break into the premises. Though the door lock held, the door was loose and there was fresh debris, including wood chips, lying on the ground near the lock. There were also tennis shoe prints on the door as though someone had kicked at the door in an attempt to force it open. Both defendants were wearing tennis shoes when appre-

hended. After hearing all the evidence, the trial court held that "the people have proven the elements, there was an attempt to break in and enter the premises * * * and they had the intent to commit the crime of larceny".

The standard of review for sufficiency of the evidence is whether, when the evidence is viewed in the light most favorable to the prosecution, a rational finder of fact could find that the essential elements of the crime had been proven beyond a reasonable doubt. *People v Petrella,* 424 Mich 225; 380 NW2d 11 (1985).

Defendants were convicted of attempted breaking and entering with the intent to commit larceny. The essential elements of an attempt are: (1) an *intent* to do an act or bring about certain consequences which in law would amount to a crime, and (2) an act in furtherance of that intent which goes beyond mere preparation. *People v Adams,* 416 Mich 53, 58 fn 5; 330 NW2d 634 (1982). The essential elements of the underlying offense are: (1) the breaking of an occupied dwelling; (2) an entering of an occupied dwelling; and (3) an intent to commit a larceny. See, *People v Cook,* 131 Mich App 796, 809; 347 NW2d 720 (1984).

The evidence in this case, particularly when viewed in the light most favorable to the prosecution, easily supports the trial court's finding that a breaking and entering was attempted by the defendants. The problem we face is whether there was proof beyond a reasonable doubt of the defendants' intent to commit larceny. While we may surmise, as the trial court did, that the defendants' intent is patent, there is no evidence in the record to support a finding of the requisite intent. We have held that no presumption of intent to steal arises solely from proof of a breaking and

entering. *People v Palmer,* 42 Mich App 549, 552; 202 NW2d 536 (1972). While minimal circumstantial evidence is sufficient to sustain a conclusion that a defendant entertained the requisite intent, there must be *some* evidence reasonably leading to such a conclusion. *Palmer, supra.* In this case, there was no evidence presented that anything of value was in the home, and no indication of any vehicle to transport stolen goods, the only evidence being that which established the fact of defendants' activities on the porch and their flight. There are no additional proofs to distinguish the crime of which the defendants were convicted from the lesser misdemeanor offense of attempted breaking and entering. MCL 750.115; MSA 28.310.

The prosecution has the burden of proof on all elements of a crime. *People v Rios,* 386 Mich 172, 181; 191 NW2d 297 (1971). In this case, the prosecution has failed to prove the additional element of intent to commit larceny.

We agree completely with the trial court's observation that crimes of breaking and entering have created an oppressive climate of fear in recent years. There is no better evidence of that than the outrageousness of the situation in the case at bar, in which the defendants attempted to brazenly kick down the front door of a home in a residential neighborhood in the middle of the day. In view of such circumstances, it might be wise for the Legislature to make breaking and entering itself a felony. In the absence of such legislative action, however, the courts of this state may not elevate a misdemeanor to the level of a felony without proof of the requisite additional element.

Reversed and remanded for resentencing on the lesser included misdemeanor offense of attempted breaking and entering.