# STATE v. WALTER JACKSON.[1]

September 25, 1936.

No. 30,811.

*J. E. Williams* and *K. M. Krost,* for appellant.

*Harry H. Peterson,* Attorney General, *Roy C. Frank,* Deputy Attorney General, and *C. A. Johnson,* County Attorney, for the State.

STONE, JUSTICE.

Convicted of murder in the second degree, defendant appeals from the judgment.

In his "second hand" store in Mankato on the evening of December 1, 1933, John Williams was robbed by two men. In the commission of the felony he received a blow on the head from a blunt instrument, which proved fatal within a week.

The theory of the state is that the crime was committed by defendant and one Davis, aided to some extent by Bertel Hall. The latter was a principal witness for the state and testified that he drove defendant and Davis to the Williams store and waited for them outside while they were engaged in the robbery.

[1]Reported in 268 N. W. 924.

■ The first question for consideration is whether the testimony of Hall, the accomplice, is sufficiently corroborated within the demand of 2 Mason Minn. St. 1927, § 9903, which declares:

"A conviction cannot be had upon the testimony of an accomplice, unless it is corroborated by such other evidence as tends to convict the defendant of the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

There is testimony by other witnesses that Hall's truck was parked in front of the decedent's place of business at the time of the murder. This was in accordance with Hall's testimony. There was also testimony that at a time previous to the robbery defendant and Davis had been seen together getting out of Hall's truck and walking past the decedent's store. Other evidence shows that prior to the date of the crime defendant received aid from time to time from the Salvation Army and that he was in need. Shortly after the robbery he purchased an automobile, some new furniture, and a new stove. He suddenly acquired the money with which to purchase considerable quantities of liquor. There is other evidence that defendant's financial status had suddenly taken a decided turn for the better.

The reason for the requirement of corroboration is the necessity of bolstering the testimony of an accomplice who is admittedly corrupt and who is probably testifying in the hope of receiving clemency. The statute does not require that the state produce corroborative evidence which by itself would be sufficient to sustain a conviction. It is enough if it tends to connect the defendant therewith. State v. Smith, 144 Minn. 348, 175 N. W. 689.

The corroborative testimony in this case sufficiently buttressed Hall's story and tended to show that defendant committed the crime. There was no reasonable explanation on his part for defendant's sudden affluence. Significant is the fact that the amount of money defendant was said to have taken as his share of the proceeds of the robbery was enough to account for his purchases made thereafter. The only logical explanation is that the money

came from the robbery. The sudden unexplained wealth was more than mere suspicious circumstance. It was a fact from which, in light of the corroborative testimony, defendant's connection with the robbery and attendant murder can well be inferred.

■ We are unable to find in the evidence anything to indicate that the blow fatal to Williams was struck with a design to kill. Such a design is essential to a conviction of murder in the second degree. Evidence of that essential lacking, the conviction of murder in that degree cannot be sustained. But there is ample evidence of murder in the third degree, under 2 Mason Minn. St. 1927, § 10070, reading as follows:

"Such killing of a human being, when perpetrated by act eminently dangerous to others, and evincing a depraved mind, regardless of human life, although without a premeditated design to effect the death of any individual, or without a design to effect death, by a person engaged in the commission of, or in an attempt to commit, a felony either upon or affecting the person killed or otherwise, is murder in the third degree,  *   *   *."

Defendant has been tried fully and fairly for the killing of Williams in the course of the robbery. Upon more than sufficient evidence, he has been found guilty of that crime, however it should be characterized as matter of law. The jury improperly classified it as second degree murder. For the reason stated, that degree of the offense was not proved. But murder in the third degree was proved. And there is no reason in the law or facts why we should not sustain the conviction as one of the included crime of third degree murder.

The question is one of our power. Our appellate jurisdiction under art. 6, § 2, of the state constitution was recognized but not amplified in the legislative declaration, 1 Mason Minn. St. 1927, § 133: "The supreme court shall have all the authority necessary for carrying into execution its judgments and determinations, and for the exercise of its jurisdiction as the supreme judicial tribunal of the state, agreeably to the usages and principles of law."

By 2 Mason Minn. St. 1927, § 10752, our duty is declared to be, on the return to an appeal in a criminal case, to "proceed and render judgment upon the record." Restated by 2 Mason Minn. St. 1927, § 10754, our function is to "render judgment or make such order therein as law and justice shall require."

That course is justified by the authorities. They are reviewed in State v. Sorrentino, 31 Wyo. 129, 224 P. 420, 34 A. L. R. 1477-1485. Among them are Lougee v. State, 11 Ohio, 68, affirming a judgment in a criminal case so far as legal and reversing it so far as illegal. In State v. Bugbee, 22 Vt. 32, the defendant was convicted upon two counts. There being no evidence to sustain a conviction upon one of them, there was a reversal as to it only, with direction to resentence upon conviction of the other. In State v. Kennedy, 88 Mo. 341, the defendant was convicted of both burglary and larceny, apparently on the same count. As a conviction of burglary, the judgment was reversed, but as a conviction of larceny it was affirmed. In Simpson v. State, 56 Ark. 8, 19 S. W. 99, a conviction of murder in the first was reduced to one of murder in the second degree. In Darden v. State, 73 Ark. 315, 84 S. W. 507, the reduction of a judgment was from murder in the second degree to manslaughter. A notable case is People v. Farrell, 146 Mich. 264, 109 N. W. 440, where the question was whether a conviction of murder in the first degree could be sustained as one of the included crime of manslaughter. It was decided in the affirmative. See also Ballew v. United States, 160 U. S. 187, 16 S. Ct. 263, 40 L. ed. 388.

If local precedent be needed it is found in State v. Eno, 8 Minn. 190 (220), wherein there was a general verdict of guilty of larceny. Because on the state of the record this court had "no just idea of the proof against the defendant," the case was remanded with instructions to the trial court "to exercise its discretion in entering or refusing to enter a *nolle prosequi* for the greater charge [larceny from the person], and sentence the defendant for simple larceny, accordingly as the evidence may or may not justify his conviction for the latter offense."

It follows that we have no occasion to consider an alleged error in the charge concerning murder in the third degree. The point of

the argument is that nowhere in the charge is there anything indicating that the jury would be permitted to find defendant guilty of third degree murder if the blow was intentional but the resulting death was not. There was exception in that respect at the trial, and the assignment of error here is probably well founded. But in view of the judgment we are constrained to render, it becomes immaterial because the utmost that could have been expected of a charge concerning third degree murder, correct in the particular mentioned, would be a conviction in that rather than in the second degree.

The case will be remanded with directions for the entry on the verdict of a judgment of conviction of murder in the third degree and sentence accordingly.

So ordered.

I. M. OLSEN, JUSTICE (dissenting).
I think there should be a new trial.

DEVANEY, CHIEF JUSTICE (dissenting).
I agree with Mr. Justice Olsen.