Hart, J.
 

 The question before this court is: May the Court of Appeals in a homicide case, two judges concurring, modify a conviction of murder in the first degree entered by the trial court and reduce the conviction to manslaughter, where the court, two judges concurring, rejects the claim of self-defense but finds
 
 *243
 
 that the record does not show premeditation requisite for murder in the first degree?
 

 The answer to this question may depend upon the determination of a second question,
 
 vis.:
 
 Is there any evidence in the record which would establish beyond a reasonable doubt that the appellee was guilty of murder in the first degree; and if there is no such evidence, can the Court of Appeals by the concurrence of two judges modify and reduce the conviction from murder in the first degree to manslaughter?
 

 While the appeal of the state as a matter of right was dismissed, nevertheless, the admission of the case to this court for review on the motion for leave to appeal, admitted it for all purposes, and the constitutional question sought to be raised by the state is now before this court for decision.
 

 Section 6 of Article IV of the Constitution provides that, “The Courts of Appeals shall have * * * jurisdiction * * * to review,
 
 affirm, modify
 
 or
 
 reverse
 
 the judgments of the Court of Common Pleas * * No judgment of a Court of Common Pleas * * * shall be
 
 reversed
 
 except by the concurrence of all the judges of the Court of Appeals on the weight of the evidence, and by a majority of such Court of Appeals upon other questions.” (Italics ours.)
 

 The Ohio Criminal Code (Section 13459-6, General Code) provides that “Upon the hearing of the appeal the court may affirm the judgment or reverse it, in whole or in part, or
 
 modify
 
 it as provided in section 1, paragraph 4, of the chapter entitled, ‘New Trials, Etc.’ * * (Italics ours.) Section 1, paragraph 4 of the chapter entitled “New Trials, Etc.,” being Section 13449-1, General Code, paragraph 4, authorizes a new trial on the ground:
 

 “That the verdict is not sustained by sufficient evidence, or is contrary to law; but if the evidence shows the defendant to be not guilty of the degree of crime for which he was convicted, but guilty of a lesser de
 
 *244
 
 gree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and pass sentence on such verdict or finding as modified, and this power shall extend to any court to which the cause may be taken by proceedings in error. ’ ’
 

 The state claims that regardless of the language employed in the entry of the court, the action of the Court of Appeals in this case was an attempt to reverse the judgment of the Common Pleas Court on the« weight of the evidence by the concurrence of only two judges, and that such action was erroneous and illegal. If the action of the court in this case amounts to a reversal, it would be obliged to remand for a new trial. The entry approved by the court provided for a modification and affirmance which is authorized under the Constitution and statute, since the crime of murder in the first degree includes the lesser crime of manslaughter; and by strict construction of the constitutional language, the court, by the concurrence of two judges, could
 
 modify
 
 and
 
 affirm,
 
 even though it could not reverse.
 

 Furthermore, if there was no evidence to sustain the finding and judgment of the Common Pleas Court as to murder in the first degree, then the Court of Appeals could reverse that judgment on the concurrence of two of its members.
 
 Porter, Exr.,
 
 v.
 
 Lerch,
 
 129 Ohio St., 47, 62, 193 N. E., 766.
 

 The Court of Appeals readily, and this court thinks correctly, determined that the appellee’s claim of self-defense was not established. The Court of Appeals also took the position that there was no evidence to sustain the essential elements of the crime of murder in the first degree and in this we concur. The Court of Appeals in the course o.f its opinion says:
 

 “There is surprisingly little attempt to introduce any evidence in the record tending to show that the killing of Smeraldi was premeditated *
 
 *
 
 * . When the
 
 *245
 
 prosecutor at the hearing in this court [Court of Appeals] was asked for what reason in his opinion did Smeraldi enter defendant’s store and home, he answered frankly, ‘he may have gone there to get money.’ We think from the evidence in this case that this was most likely Smeraldi’s purpose and what is more likely than that a quarrel developed, old animosities were revived and that the killing was in hot blood.”
 

 The finding of the court on this question, as expressed in its opinion, is as follows:
 

 “It is the conclusion of this court that defendant failed in his proof that the killing was in self-defense. The majority of the court are convinced that there is no evidence in this record which is not consistent, in fact is not more consistent with the conclusion that the killing of Smeraldi followed as a result of a quarrel, probably following a demand for money by Smeraldi, than with the view that this was a case of premeditated murder. No proof was offered, in our opinion, that justified the court in finding beyond a reasonable doubt that defendant was guilty of murder in the first degree.”
 

 We think the judgment of the Court of Appeals should be affirmed.
 

 Judgment affirmed.
 

 .. Turner, Zimmerman and Bettman, JJ., concur.
 

 Weygandt, C. J., and Williams, J., concur in the syllabus but dissent from the judgment.
 

 Matthias, J., not participating.