PEOPLE *v.* LEE

CRIMINAL LAW—BREAKING AND ENTERING—INTENT TO COMMIT
LARCENY—EVIDENCE.
  Defendant's sentence for breaking and entering with intent to
    commit larceny must be vacated and his case remanded for
    sentencing for breaking and entering, a lesser included offense,
    when there is no substantial evidence in the record to support
    a finding beyond a reasonable doubt of an intent to commit
    larceny.

Appeal from Bay, Dardas (Leon R.), J.   Submitted Division 3 November 12, 1968, at Grand Rapids. (Docket No. 4,504.)   Decided November 27, 1968.

Ernest Lee was convicted of breaking and entering with intent to commit larceny.   Defendant appeals. Reversed and remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Martin B. Legatz,* Prosecuting Attorney, for the people.

*James G. Orford,* for defendant.

PER CURIAM.   Defendant was convicted by a jury of the crime of breaking and entering with intent to commit larceny.[1]   The issue raised for review is

---

[1] CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.305).

REFERENCE FOR POINTS IN HEADNOTE
13 Am Jur 2d, Burglary §§ 24, 25.

whether the people proved the requisite criminal intent for the crime of larceny.

The record discloses sufficient evidence from which the jury could find the defendant guilty of breaking and entering beyond a reasonable doubt. However, the record contains no direct and circumstantial evidence, in addition to that relating to the breaking and entering, from which defendant's intent to commit the crime of larceny could be found beyond a reasonable doubt. See *People* v. *Boyce* (1946), 314 Mich 608; *People* v. *Westerberg* (1936), 274 Mich 647; and *People* v. *Curley* (1894), 99 Mich 238.

A proper disposition of this case is to set aside the sentence and to remand the defendant to the trial court with instructions to sentence the defendant for the crime of breaking and entering,[2] a lesser includable offense. *People* v. *Sharp* (1968), 9 Mich App 34.

Remanded for proceedings consistent with this opinion.

HOLBROOK, P. J., and T. G. KAVANAGH and MC-INTYRE, JJ., concurred.

---

[2] CL 1948, § 750.115 (Stat Ann 1962 Rev § 28.310).