PEOPLE *v.* McFARLAND

CRIMINAL LAW—RECEIVING STOLEN PROPERTY—VALUE OF PROPERTY
—EVIDENCE.

> Conviction of felony of receiving stolen property of a value exceeding $100 cannot stand without evidence warranting a finding of value *exceeding* $100; evidence from which the value might be found to be $100 is not sufficient (CLS 1961, § 750.535).

Appeal from Van Buren, Anderson (David, Jr.), J.   Submitted Division 3 November 12, 1968, at Grand Rapids.   (Docket No. 3,303.)   Decided November 27, 1968.

Jay McFarland was convicted of receiving stolen property of a value exceeding $100.   Defendant appeals.   Remanded for sentencing for the crime of receiving stolen property of a value of $100 or less.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald M. Goodwillie, Jr.,* Prosecuting Attorney, and *William C. Buhl,* Assistant Prosecuting Attorney, for the people.

*Edward M. Yampolsky,* for defendant on appeal.

PER CURIAM.   Defendant appeals from his conviction by a jury of the crime of receiving stolen property of a value exceeding $100.   CLS 1961, § 750.535 (Stat Ann 1968 Cum Supp § 28.803).   The only issue raised on appeal is whether the evidence introduced by the people at trial is competent to sustain the

REFERENCE FOR POINTS IN HEADNOTE
45 Am Jur, Receiving Stolen Property § 16.

jury's finding that the fair market value of the stolen property, a used outboard motor, exceeded $100.

The statute in question provides:

"Any person who shall buy, receive or aid in the concealment of any stolen, embezzled or converted money, goods or property knowing the same to have been stolen, embezzled or converted, if the property purchased, received or concealed exceed the value of $100, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 5 years or by a fine of not more than $2,500. If the property purchased, received or concealed shall be of the value of $100 or less, such person shall be guilty of a misdemeanor."

Only one witness for the prosecution testified as to the value of the stolen property. The witness testified the stolen motor to be "well worth" a hundred dollars and thought he would not have "any trouble getting a hundred dollars for it." However, there was no evidence or testimony presented that the stolen outboard motor *exceeded the value of $100*. Without evidence which would permit a finding of value exceeding $100, defendant's felony sentence cannot stand.

The jury did find defendant guilty and therefore a proper disposition of this case is to set aside the felony sentence and to remand the defendant to the trial court, with instructions to sentence the defendant for stealing property of a value of $100 or less, a misdemeanor. *People* v. *Sharp* (1968), 9 Mich App 34.

Remanded for proceedings consistent with this opinion.

HOLBROOK, P. J., and T. G. KAVANAGH and McINTYRE, JJ., concurred.