**STATE of Missouri, Respondent,**

v.

**Joseph HENDRICKS, Appellant.**

**No. 55270.**

Supreme Court of Missouri,
Division No. 1.

July 13, 1970.

**12**

John C. Danforth, Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, for respondent.

Simon G. Miller, Clayton, for appellant.

ARTHUR W. ROGERS, Special Judge.

Appellant, Joseph Hendricks, was charged with the murder of one Francis A. Krewet. After conviction (jury trial) of murder in the first degree and sentence to life imprisonment, he appeals. The points relied on by appellant are: 1) the state failed to establish beyond a reasonable doubt an essential element in the crime charged, to-wit, that defendant made an assault on one Francis Krewet on the 22d day of October 1968, and 2) the court erred in denying defendant's motions to suppress statements made by defendant to police officers and video tape recordings taken in the prosecuting attorney's office in that these statements were obtained by means of mental and physical coercion.

We note that appellant does not contend that corpus delicti was not proven. In fact he concedes that the state presented substantial evidence that a deadly assault was made upon Krewet in the latter's home on the 22d day of October 1968. But, says defendant, no substantial evidence was adduced that he was in Krewet's house on that day.

The evidence presented by the state was that one Leroy Smith resided next door to the Krewet home and that defendant resided on the other side of the Smith home. Mr. Smith testified that on a Tuesday, around 1:30 a. m., he and his family returned to their home and he saw defendant coming from Krewet's house across a gangplank into the Smith yard and across it to his, defendant's, home; that defendant came from the back of the rear of Buttermilk's house; that Mr. Krewet was known as "Buttermilk". Officer Harris of the Wellston, Missouri, police department, testified that he and one Polys, another officer, went to the Krewet home on October 24 and described the condition in which he found Krewet. He further stated that he saw defendant at the police station that evening around 6:00 o'clock; that defendant was advised of his rights and waived each of them individually and admitted that he and one Timms planned to rob Buttermilk on Monday night or Tuesday morning. This officer related the story of defendant as it was given him of breaking into the Krewet home, ransacking it, and laying in wait until Krewet arrived when they assaulted him. Newspapers dated October 21, 22, and 23 were still in the Krewet yard. Harris testified that he learned that Krewet last worked at his regular place of employment on October 21, and that he, Krewet, left Gen and Marv's Tavern at approximately 1:00 or 1:30, at closing time, and that he had come in at 7:00 p. m. on October 21. Police officer Katz testified that defendant, after being advised of his rights, at 6:00 o'clock on October 25 admitted that late October 21 or early October 22, he and one Timms assaulted and robbed Krewet in Krewet's home and that later that night defendant was taken to the prosecuting attorney's office where video tape recordings of defendant's statements and admissions were made. The video tape was entered in evidence. The pictures and recorded voices were first presented to the trial court on hearing of the motion to suppress, were presented again to the jury, and were again presented before this court. For the reasons herein given, we rule that the video

tape recordings were admissible in evidence. Statements made by defendant and as recorded corroborate the testimony of police officers of admissions made to them by defendant of the entry into the home of Krewet and the assault made, according to the state's theory in the early morning hours of October 22, 1968. Evidence adduced on the part of defendant by those residing in the same house as defendant that defendant was in the Smith yard on the *night* of October 22 to quiet Smith's barking dog is not an answer to the state's theory and evidence that defendant was seen in the Smith yard at 1:30 *a. m.* October 22. We deem the evidence sufficient to support the jury verdict.

Next we consider the admissibility of the video tape recording of defendant's statements and confession. The trial court held a hearing outside the presence of the jury and ruled the tape admissible on defendant's motion to suppress all statements made or purportedly made by defendant to police officers and video tape purported "confession" photographed and recorded in the prosecuting attorney's office of St. Louis County, Missouri. The court ruled that any statement made by the defendant was voluntary and, therefore, admissible.

At the trial, defendant objected to the offer of the showing of the video tape and was overruled. The jury saw the pictures and heard the recording of the examination of defendant.

Not yet published, but entered in the records of this court, is the decision in the case of State of Missouri v. Lusk, 452 S.W.2d 219, handed down April 13, 1970. Although the admissibility of tape recordings had no bearing on the result of that case, the court, because the case was ordered remanded for retrial and because the issue of admissibility of video tape recording of statements of defendant would be presented, treated with that question. Citing State v. Perkins, 355 Mo. 851, 198 S.W.2d 704, 168 A.L.R. 920, it is ruled that a taped recording of a confession, after

proper foundation, is admissible; that moving pictures may be shown to the jury when properly identified and when material to an issue, citing other cases, and that the use of video tape is a combination of the two.

 We deem it unnecessary to again discuss the admissibility of video tape recordings and would affirm what is written in State v. Lusk, supra, that such recordings are admissibile when proper foundation, voluntariness, is established. The trial court found, on hearing, that statements made by defendant and entered in evidence were voluntarily made.

The jury was properly instructed that admissions entered in evidence should not be considered unless found to be voluntarily made.

The judgment of the trial court is affirmed.

All of the Judges concur.