**STATE of Missouri, Respondent,**

v.

**Connie JASPER, Appellant.**

No. 54996.

Supreme Court of Missouri,
En Banc.

Nov. 13, 1972.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Ass't. Atty. Gen., Jefferson City, for respondent.

J. Arnot Hill, Robert G. Duncan, Pierce, Duncan, Hill & Russell, Kansas City, for appellant.

FINCH, Chief Justice.

Defendant and three other men were indicted for murder in the first degree. Defendant Jasper, separately tried, was convicted of murder in the second degree and sentenced to imprisonment for 40 years. An opinion affirming the conviction was written in Division I of this Court, but a rehearing was granted and the case subsequently was transferred to the Court en Banc where it was reargued. We have jurisdiction because this case was pending here prior to January 1, 1972. Article V, § 31, Constitution of Missouri, V.A.M.S., as amended. We reverse and remand.

A jury could reasonably find from the evidence that on the afternoon of February 15, 1969, four armed men, including defendant, robbed George's Market in Kansas City. As they emerged from the market, with guns in hand, they were observed by (and apparently themselves observed) a police officer in a marked patrol wagon stopped on the street in front of the store. At that, the four men fled, two on foot and two (defendant and one Charles Beal) in an automobile which had been parked nearby. As the automobile, with Beal driving, started to drive away, defendant ran and jumped in the car. The police officer called to them to halt, and also fired two shots at the car, one of which struck and shattered the rear glass. A high-speed chase followed and continued for a few blocks until the car driven by Beal violated a traffic signal at 35th and Van Brunt, colliding with another automobile in the intersection. Ward Wooderson, owner of the other car, and two occupants therein were killed.

The indictment against defendant charged first degree murder in common form, alleging that defendant and others unlawfully, wilfully, feloniously, premeditatedly, deliberately, and with malice aforethought made an assault on Ward Wooderson with an automobile by driving the same with great force and violence against the automobile occupied by Ward Wooderson. At the conclusion of the trial, the court gave the jury a conventional first degree murder instruction, a felony-murder instruction under § 559.010, V.A.M.S. (submitting whether the homicide occurred while defendant was participating in the commission of a robbery), and a conventional second degree murder instruction. The jury verdict acquitted defendant of murder in the first degree but convicted him of murder in the second degree.

Defendant, on this appeal, does not seriously question that the evidence would have been sufficient to sustain a verdict of murder in the first degree under the felony-murder rule established by § 559.010. Defendant's companion was convicted of first degree murder under said rule and that conviction has been affirmed by this Court. State v. Beal, Mo., 470 S.W.2d 509. Defendant does contend, however, that there was no evidence to sustain a conviction of murder in the second degree, and that under the evidence the only possible verdicts were either guilty of murder in the first degree or not guilty. Consequently, says defendant, it was error to instruct the jury on murder in the second degree.

At common law a person committing a homicide in the perpetration of a felony was guilty of murder.[1] Wharton on Homicide, 3rd Ed., p. 174. In Missouri, the legislature has provided that if a homicide occurs in connection with certain felonies enumerated in § 559.010, it is murder in the first degree, whether or not the death was intended. "The commission of, or the attempt to commit, the felony is the legal equivalent of premeditation, deliberation, and malice." State v. Hayes, Mo., 262 S. W. 1034, 1037. In State v. Robinett, Mo., 279 S.W. 696, 700, this Court, after recognizing the effect of the predecessor statute of § 559.010, went on to say: "* * * if the intention is to commit some felony other than one of those enumerated in that section, such homicide, although unintentional, is murder in the second degree under section 3231 * * *."[2]

In State v. Lindsey, 333 Mo. 139, 62 S. W.2d 420, 425, the Court, after reviewing and quoting the above language from the Robinett case, went on to say: "From the foregoing we see that the necessary elements of murder in the first or second degree are imported or transferred into the homicide case from the felony perpetrated only when those elements are not independently present in the record of the homicide. But if those elements are inde-

---

1. At common law there were no degrees of murder.

2. Section 3231, referred to above, is now § 559.020, V.A.M.S.

pendently present, then, when the other felony committed is other than arson, rape, robbery, burglary, or mayhem, the rule is as stated by this court in State v. Hayes, [Mo.,] 262 S.W. 1034, loc. cit. 1037: 'But if the common purpose is to commit some felony other than one of those enumerated in section 3230 [section 3982, RSMo 1929 (Mo.St.Ann. § 3982)], the crime is murder in the first or second degree, depending upon circumstances attending the homicide.' "

■ It thus is clear that Missouri recognizes the common law felony-murder rule under which a homicide committed in connection with a felony other than those enumerated in § 559.010 is murder in the second degree, absent other evidence from which the jury could find the elements necessary to a finding of murder in the first degree.

■ As recognized in defendant's brief, the flight by defendant and Beal from the site of the robbery could constitute a continuation of the robbery and hence be a sufficient basis for sustaining a first degree felony-murder charge. See State v. Beal, supra. However, contrary to defendant's position, the acts of defendant and Beal in fleeing after the officer shouted to them to halt and after he fired his gun in an attempt to halt them also could sustain a charge of resisting lawful arrest, in violation of § 557.200, V.A.M.S. See State v. Nolan, 354 Mo. 980, 192 S.W. 2d 1016. Since resisting arrest is not one of the felonies specified in § 559.010, evidence thereof would have justified a submission of the case to the jury by an instruction on murder in the second degree based on a finding by the jury that the homicide occurred in connection with the offense of resisting arrest.

Defendant argues that mere flight by the defendant did not amount to resistance to arrest since allegedly an arrest was never attempted. However, we reject that contention. The evidence was sufficient for the jury to find that the defendant was aware of the presence of the officer; that the officer, when 30 to 50 feet away, called to the men to halt; that they ran and got in the car and continued to flee; that the officer then shot at the car and knocked out the rear window; and that he followed the fleeing car at high speed in an attempt to catch and stop it. This was ample evidence to show that defendant joined Beal in the car Beal was using as a means of his own escape and did so in such circumstances as to have aided and abetted Beal's resistance to lawful arrest for the robbery, as well as his own arrest, and thereby became culpable as a principal for the homicide which resulted from Beal's operation of the automobile.

■ The difficulty with the judgment and sentence in this case is that even though the evidence was sufficient to justify submitting the case to the jury under the common law felony-murder rule, as we have found, the State did not instruct the jury on the basis of that doctrine. Instead, insofar as the second degree murder charge was concerned, it instructed the jury solely on the basis of a conventional second degree murder instruction, which did not require the jury to find that the homicide was perpetrated in connection with the commission of the offense of resisting arrest.

If the case was to be submitted to the jury on the basis of common law felony-murder, then a proper common law felony-murder instruction submitting murder in the second degree on that basis was a must. Such an instruction was not given and for that reason the conviction must be reversed and the case remanded for retrial.

■ The State urges that defendant did not object to the instruction on the ground that it was not a proper submission under the common law felony-murder rule, and not having made such objection, it was waived. This position is untenable because the State did not purport to submit on that

theory. As a matter of fact, the common law felony-murder rule application was not even mentioned in this case until the divisional opinion herein was written. Under such circumstances, defendant cannot be faulted for having failed to object that the second degree murder instruction did not present a theory of guilt under the common law felony-murder rule when the State was not seeking to proceed on that basis.

Reversed and remanded.

All concur.