**STATE of Missouri, Respondent,**

v.

**Franklin James LINDSEY, Appellant.**

No. 57404.

Supreme Court of Missouri,
Court en Banc.

March 11, 1974.

John C. Danforth, Atty. Gen., Vincent Fredrick Igoe, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

William A. Boles, St. Louis, for appellant.

STOCKARD, Commissioner.

Franklin James Lindsey has appealed from the judgment entered pursuant to jury verdict whereby he was found guilty of murder in the first degree of Rose Schuh, and sentenced to imprisonment for life.

A jury reasonably could find from the evidence that appellant and Tommie Maxie discussed and made plans to steal property from a house at 1618 North 16th Street in the City of St. Louis. On the evening of March 26, 1970, they proceeded to carry out their plans, and as they were preparing to go to the house Maxie said to appellant, "Wait here, I am going to get a bat because I am going to kill somebody tonight." When Maxie returned with a baseball bat appellant said, "You aren't going to use that," and Maxie replied, "Yes, I am—are you ready?" To this appellant replied, "Yes, I am." On the way to the Schuh house they passed a church, and Maxie stated: "I am going to show what I am going to do with this bat." He then broke two of the church windows. At the Schuh house Maxie knocked on the door, and when it was opened by Rose Schuh, Maxie struck her several times with the baseball bat inflicting wounds which caused her death. Maxie then ran into the house and struck Henry Schuh, Rose's husband, with the bat inflicting mortal wounds on him. Appellant and Maxie each took items of property from the house and fled.

Appellant asserts that error resulted in overruling his challenge for cause of two veniremen. Because of the disposition of this appeal we need not rule this contention. Other contentions will be ruled because of the probability that they will arise in a new trial.

Appellant next asserts it was error to permit the jury to hear evidence of the murder of Henry Schuh because it was a separate crime with which he was not charged.

Appellant cites and relies on State v. Reed, 447 S.W.2d 533 (Mo.1969), which states that proof of the commission of separate and distinct crimes by a defendant is not admissible unless such proof has a legitimate tendency to establish defendant's guilt of the charge for which he is on trial. We recognize and agree with that general rule. However, in view of the facts of this case, the specific contention of appellant is ruled by State v. Varner, 329 S.W.2d 623 (Mo.1959). It was there said: "If the killing of two people is

all a part of one transaction the evidence as to both deaths is competent, not because it shows another crime but because the single transaction circumstantially bears upon and establishes deliberation, if not motive." Also, as stated in State v. Millard, 242 S. W. 923, 926 (Mo.1922), if two homicides are committed "under such circumstances as to constitute one single continuous accomplishment of a common design," and "the facts are so intimately related and the crimes so nearly concurrent that proof of one cannot well be made without a showing of the facts tending to establish the other," evidence concerning all the circumstances and both deaths is admissible. See also State v. Garrison, 342 Mo. 453, 116 S. W.2d 23 (Mo.1938), and State v. Jacks, 462 S.W.2d 744 (Mo.1970).

Appellant next contends that the court erred in admitting in evidence a table model radio with a lighted dial, a transistor radio, radio ear plug and an empty box, and a ball bat "before a prerequisite foundation had been laid * * * in that neither the ownership nor the possession of these items was ever established."

In appellant's video taped confession, he identified the ball bat as the one carried and used by Maxie in committing the murders, and he identified the table model radio as one taken from the Schuh home by him. A police officer testified that appellant had admitted to him that he had taken the other radio from the Schuh house, and that he had pawned it. The radio ear plug and the empty box (designed to contain a transistor radio) were identified as having been found at the Schuh house by the police after the murders. In what respect these last two items were claimed to be material is not shown, and in the event of a new trial their materiality should be established.

Appellant also challenges the admission in evidence of a video tape of him giving answers to questions which constituted a confession to the crime with which he was charged, because it "was not demonstrated to be reliable and because such evidence had such an emotional impact it obscure[d] all other evidence."

The contention pertaining to "emotional impact" relates to the weight to be given the evidence, not its admissibility. The State is not to be precluded from offering the best or most persuasive evidence, otherwise admissible, because it is convincing and damaging to an accused's case.

The use of a video tape to show to the jury the contents of a confession, and circumstances under which it was made, has previously been approved by this court in State v. Lusk, 452 S.W.2d 219 (Mo.1970), and State v. Hendricks, 456 S.W.2d 11 (Mo.1970). The trial court heard the testimony to the effect that video tape was an accurate reproduction of what was said by appellant and an accurate portrayal of the circumstances under which the confession was made. This court viewed the video tape at the time of oral argument. It is an excellent portrayal of appellant answering questions concerning his participation in the homicides. Restrictive rules governing admissibility of such evidence should not be such as to tie the hands of the prosecution to "horse and buggy" methods of proof, and we find no justifiable reason why the jury should not have viewed the video tape in this case. Appellant cites a dissenting opinion in Hendricks v. Swenson, 456 F.2d 503, 507 (8th Cir. 1972), which does not, as far as we know, represent the views of any court and with which we do not agree.

Appellant contends that during the time he was making the statements which were shown to the jury on the video tape, a police officer sitting nearby prompted him as to what he should say. He contends that the video tape shows the movement of the officer's mouth, but no sound was heard, and that the court erred in not permitting the tape to be replayed, or at least parts of it, so the attention of the jury could be directed to this occurrence. The officer testified that he did not prompt ap-

pellant, and the technician testified that if he had his voice would have been picked up on the sound. As noted, this court viewed the video tape, and attention was specifically called to the incidents. The tape in our opinion, does not show any prompting by the officer. At most, it may show that several times the officer made a swallowing movement. The court did not abuse its discretion in refusing to have the tape replayed, and in effect thereby comment on the evidence.

We now turn to the instructions. The court instructed the jury on murder in the first degree but not on any lesser included offense.

Murder in the first degree is defined by § 559.010, RSMo 1969, V.A.M.S., as follows:

"Every murder which shall be committed by means of poison, or by lying in wait, or by any other kind of willful, deliberate, and premeditated killing, and every homicide which shall be committed in the perpetration or attempt to perpetrate any arson, rape, robbery, burglary or mayhem, shall be deemed murder in the first degree."

The issue of first degree murder was submitted to the jury by two separate instructions.

Instruction No. 2 was a conventional submission of murder in the first degree by a willful, deliberate and premeditated killing. Appellant contends it was error to give Instruction No. 2 because it was not "supported by the evidence." His argument is that he did not strike Rose Schuh with the ball bat; that the only plan to which he was a party was "to tie the old people up and to steal from them," and that the deliberation and premeditation on the part of Maxie to kill cannot be imputed to him unless the homicide occurred during the commission by Maxie and him of one of the felonies specifically enumerated in § 559.010, RSMo 1969, V.A.M.S.

In making this contention appellant ignores some of the evidence. The deliberation and premeditation necessary to authorize a finding of murder in the first degree may be inferred from the circumstances. State v. Goodwin, 352 S.W.2d 614, 619 (Mo. banc 1962). The continuation of appellant in the plan to rob after Maxie obtained the ball bat and announced his intention to kill someone with it, clearly authorized a finding by the jury of the requisite deliberation and premeditation on the part of appellant to participate in a killing. The submission of deliberation in Instruction No. 2 was supported by the evidence.

In addition to the conventional instruction on murder in the first degree, the court attempted by Instruction No. 3 to instruct on first degree murder on the basis of the felony-murder doctrine, under the last clause of § 559.010.

Instruction No. 3, in its material parts was as follows:

"The Court further instructs the jury that under the law of this State, every homicide which shall be committed in the perpetration of stealing from a dwelling house, is deemed murder in the first degree. And in this case, if the jury find and believe from the evidence, beyond a reasonable doubt, that a homicide occurred while defendant was stealing from the dwelling house at 1618 N. 16th Street, in the City of St. Louis, Missouri, then such perpetration stands in lieu of deliberation and premeditation as hereinbefore defined, and the jury will be warranted and shall find the defendant guilty of murder in the first degree, and should say so in their verdict."

If a homicide is committed during the actual or attempted perpetration of one of the five felonies enumerated in § 559.-010, proof of the commission or attempt to commit that felony stands in lieu of and is the equivalent of the necessary malice, pre-

meditation, and deliberation, and authorizes a finding of first degree murder. State v. Glenn, 429 S.W.2d 225 (Mo. banc 1968); State v. Jewell, 473 S.W.2d 734 (Mo.1971).

■ Instruction No. 3 is an erroneous statement of the law for the reason that a homicide perpetrated during the commission of stealing from a dwelling house is not one of the five situations constituting first degree murder under § 559.010. The commission of the crime of stealing from a dwelling house does not stand in lieu of the necessary ingredient of deliberation, and it is presence or absence of deliberation which marks the distinction between first and second degree murder. State v. Davis, 400 S.W.2d 141, 145 (Mo.1966). Since there is nothing in this record from which we can determine whether the jury convicted appellant under correct Instruction No. 2 or under erroneous Instruction No. 3, the judgment convicting appellant of first degree murder cannot stand and must be set aside.

The judgment is reversed and the cause remanded for a new trial.

PER CURIAM:

The Division Two Opinion by STOCKARD, C., is adopted as the opinion of the Court en Banc.

DONNELLY, C. J., and SEILER and HOLMAN, JJ., concur.

FINCH, J., concurs in separate concurring opinion filed.

BARDGETT and HENLEY, JJ., concur and concur in separate concurring opinion of FINCH, J.

MORGAN, J., dissents in separate dissenting opinion filed.

FINCH, Judge (concurring).

I fully concur in the principal opinion. I file this separate concurrence only because I am of the view that I should make some comment as to why, in my judgment, the alternative disposition suggested in Judge Morgan's dissenting opinion is neither a permissible nor an acceptable course of action for us to take in the disposition of this appeal.

In practically all of the cases cited in the dissent, it will be observed that the appellate court concludes that the evidence was insufficient to support a conviction of the offense of which the jury found defendant guilty, but was adequate to sustain a conviction of a lesser included offense, and the court then simply remanded the case to the trial court for imposition of sentence. This presented no particular problem because in the federal system and in many states in this country the fixing of punishment is by the judge rather than the jury. Consequently, the trial court, when the case is returned on remand, simply makes a determination as to what punishment should be assessed for the lesser included offense and acts accordingly. An exception exists in California, but that state has established by statute a bifurcated system in which a jury first determines guilt, and if defendant is found guilty, a second jury hearing is held to fix punishment. Hence, that state has an established statutory procedure for subsequent jury determination of punishment after guilt has been established.

In this state, when defendant is not charged as a second offender, the jury determines punishment as well as guilt, and does so in a single proceeding. Hence, we could not remand this case to the trial judge to fix and impose punishment for the lesser included offense because the judge has no authority to so do except in those instances when the jury is unable to agree on punishment and so states in its verdict. Neither do we have a statutory procedure, as in California, for a separate jury hearing to fix punishment, and I do not believe that we can establish such a system by court decision. I can find no statutory authorization for the procedure suggested by the dissent. Furthermore, even if we could

follow such a procedure, a jury in Missouri, under existing statutes, assesses punishment based on all the evidence, including that as to guilt, and any new hearing for the purpose of determining guilt would necessitate the presentation of all of the evidence rather than simply a limited portion thereof. Hence, there would be no saving in time and effort.

I note that in the case of Forsha v. State, 183 Tenn. 604, 194 S.W.2d 463 (1946), a somewhat different approach was followed in that the court, after finding that the evidence would not support a conviction of murder in the first degree but was sufficient to warrant a conviction of murder in the second degree, reversed and remanded with directions to the trial court to sentence the defendant to the minimum punishment for murder in the second degree. If we should do that in this case, we would direct that defendant be sentenced to ten years imprisonment. In my judgment, that would be a completely unacceptable solution to the problem.

Another difference between most of the cited cases and this case is the fact that in practically all of those cases the appellate court found that the evidence was insufficient to sustain a conviction of the charge of which the jury convicted the defendant. Under those circumstances, the appellate court logically concluded to sustain a conviction of guilt of a lesser included offense with respect to which the evidence was sufficient. This is not true in the instant case because the principal opinion finds that the evidence was ample to sustain a conviction of the defendant of murder in the first degree. Reversal of the judgment only results from an improper instruction. Hence, there is no valid reason for not affording the state an opportunity to convict the defendant of the offense on which he was previously tried.

Under these circumstances, it seems to me that the procedure followed in these other states, under different factual circumstances and pursuant to entirely different statutory authorization, is inappropriate here and that the disposition of this case provided in the principal opinion of reversing and remanding for new trial is the proper one.

MORGAN, Judge (dissenting).

The original opinion which was submitted for consideration in this case failed of adoption. Therein, it was concluded that "the judgment convicting appellant of first degree murder cannot stand and must be set aside," but the following disposition of the appeal was suggested, to-wit:

"Under previous rulings of this court the cause would be remanded for a new trial on all issues, with the consequential expenditure of the time and resources of witnesses, prosecuting officials, counsel for the accused, court and jury. However, in this case there is no necessity to remand the cause for a new trial on all issues. All of the necessary facts bearing upon the issue of guilt or innocence of murder in the second degree have been established and found by the jury, and such issue need not again be proved and reestablished. Where an accused is charged with a homicide and the case is submitted to the jury on the felony-murder doctrine, but the felony submitted is one other than those enumerated in § 559.010, such a homicide is murder in the second degree. State v. Robinette [Robinett], 279 S.W. 696, 700 (Mo.1962 [1926]); State v. Jasper, 486 S.W.2d 268 (Mo. banc 1972). Proof that the homicide in this case was committed in the perpetration of the crime of stealing from a dwelling house was credible and substantial, and established appellant's guilt of the crime of murder in the second degree. Implicit in the jury's finding of guilt on the charge of murder in the first degree is a finding of guilt of the lesser included crime of murder in the second degree, whether that finding was based on Instruction No. 2 or on Instruction No. 3. In this situation we should remand the case for the entry of a

judgment of conviction of second degree murder, and for an assessment of punishment for that crime.

"A number of other jurisdictions have adopted this expeditious and common-sense procedure. In People v. Morrin [31 Mich.App. 301], 187 N.W.2d 434 (Mich.1971) a first degree murder conviction was held to be deficient because there was a failure of proof of deliberation. However, the case was remanded with instructions to enter a judgment of conviction on a charge of second degree murder. In De Marrias v. United States, 453 F.2d 211 (8th Cir. 1972), accused was found guilty of second degree murder. On appeal the element of malice aforethought was found to be lacking in the evidence, but the evidence was found sufficient to justify a conviction of the lesser included offense of voluntary manslaughter. The court stated that implicit in the jury's finding of guilt of second degree murder was a finding of guilt of manslaughter. It was ruled that 28 U.S.C. § 2106 [containing language almost identical with our Rule 28.14, V.A. M.R.] authorized entry of a judgment of guilty of manslaughter, and the case was remanded for resentencing. Other cases in which this procedure was followed, by authority of statute or rule, or by reason of inherent power, include People v. McFarland [14 Mich.App. 313], 165 N.W.2d 463 (Mich.1968 receiving stolen property of value of more than $100 reduced to receiving stolen property of value less than $100); People v. Lee [14 Mich.App. 328], 165 N.W.2d 518 (Mich.1968 breaking and entering with intent to commit larceny reduced to breaking and entering); People v. Ford [65 Cal.2d 41, 52 Cal.Rptr. 228], 416 P.2d 132, certiorari denied 385 U.S. 1018 [87 S.Ct. 737, 17 L.Ed.2d 554] (Calif.1966 murder first degree reduced to murder second degree); People v. Wolff, 394 P.2d 959 [61 Cal.2d 795, 40 Cal.Rptr. 271] (Calif.1964 murder first degree reduced to murder second degree); People v. Anderson [70 Cal.2d 15, 73 Cal.Rptr. 550], 447 P.2d 942 (Calif. 1968 murder first degree reduced to murder second degree); Forsha v. State [183 Tenn. 604], 194 S.W.2d 463 (Tenn.1946 murder first degree reduced to murder second degree); State v. Porello [138 Ohio St. 239], 34 N.E.2d 198 (Ohio 1949 murder first degree reduced to manslaughter); State v. Cosby [100 Ohio App. 459], 137 N.E.2d 282 (Ohio 1955 murder first degree reduced to murder second degree); State v. Jackson [198 Minn. 111], 268 N.W. 924 (Minn.1936 murder second degree reduced to murder third degree); People v. Monaco [14 N.Y.2d 43, 248 N.Y.S.2d 41], 197 N.E.2d 532 (N.Y.1964 murder second degree reduced to manslaughter first degree); Hemphill v. United States, [131 U.S.App. D.C. 46] 402 F.2d 187 (D.C.Cir.1968 murder first degree reduced to murder second degree); Austin v. United States [127 U.S.App.D.C. 180], 382 F.2d 129 (D.C.Cir.1967 murder first degree reduced to murder second degree); State v. Braley [224 Or. 1], 355 P.2d 467 (Ore. 1960 murder first degree reduced to murder second degree); Spencer v. State, 217 So.2d 331 (Fla.1969 stealing of value in excess of $100 reduced to stealing of value of less than $100).

"In People v. Borders [37 Mich.App. 769], 195 N.W.2d 331 (Mich.1972) the court carefully outlined the circumstances in which this procedure may be followed. It was there said: 'Although the defendant's conviction of rape cannot be sustained, it is not necessary to order a new trial. In cases where the only error is found in a failure of proof of one element of the offense it is sometimes permissible to remand for the entry of a judgment of conviction on a lesser included offense. There are several requirements that must be met before such a disposition can be made. Defendant must have been convicted of the offense with which he was charged, thus excluding the possibility that the jury verdict was the product of a compromise. The new judgment of conviction must be for an offense which is a lesser included of-

fense of the crime originally charged. The element on which there has been a failure of proof must be an element which raises the greater offense above the lesser. The record must contain credible evidence which would support a conviction of the lesser offense.'

"We approve this criterion and adopt it as the rule and guide in Missouri. In the case before us every one of the elements above enumerated are met, and the record sustains a conviction of murder in the second degree. In this error-free trial on the issue of guilt, of at least murder in the second degree, the only deficiency preventing affirmance of the judgment of guilty of first degree murder is the giving of an erroneous felony-murder instruction which resulted in a failure of proof of deliberation, an essential element, to first degree murder. But the finding by the jury of the commission of the felony of stealing from a dwelling supplied the proof of the elements of malice and premeditation essential to second degree murder.

"We reverse the judgment finding appellant guilty of murder in the first degree, and remand the cause with directions to enter a judgment of guilty of murder in the second degree, and that the trial court empanel a jury to hear and determine the issue of punishment, unless appellant elects to have sentence imposed by the judge."

Thereafter, Houser, C., filed a Memorandum of Dissent as follows:

"I adhere to the opinion first circulated, which represents my thinking in the dilemma presented by this appeal. The record clearly establishes that appellant actively participated in a brutal, horrifying murder. While for technical reasons the conviction of first degree murder cannot be affirmed, appellant on this record is without question guilty of the lesser included offense of second degree murder, and in the interests of justice and efficient judicial administration it is the duty of this Court to so declare. There is no acceptable reason for further grinding of the judicial machinery to reestablish this appellant's guilt, with the attendant possibility (however remote) of an acquittal on a second trial of the question of guilt or innocence. Following the rationale of the numerous forward-looking jurisdictions deciding the several cases cited in the opinion first circulated, I would affirm a finding of guilty of murder second degree and remand for the sole purpose of sentencing. Accordingly I respectfully dissent."

I too see no reason why the procedure suggested should not be adopted in this state. Certainly no injustice, prejudicial to the appellant, could result since the lesser crime carries a lesser penalty than that to which appellant will be exposed.

I respectfully dissent.