**STATE of Missouri, Respondent,**

v.

**Nathaniel Eugene CROSS, Appellant.**

**No. WD 32541.**

Missouri Court of Appeals,
Western District.

Feb. 23, 1982.

David M. Strauss, Public Defender, Columbia, for appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and PRITCHARD and DIXON, JJ.

SHANGLER, Presiding Judge.

The defendant was convicted by a jury of second degree murder and sentenced to a term of ten years. The appeal contends that the instruction which submitted the offense was erroneous.

On the morning of July 27, 1980, Clifford Nevels heard a gunshot strike the residence window, followed by other gunshots into the home. He found his mother collapsed in a chair, and bloodied and dead. She died of a bullet wound into the brain. The police investigation detected six bullet holes in the structure and recovered three lead bullets from within the residence. The members of the Cross family were questioned about the fatality [1] and, soon thereafter, the defendant Cross surrendered to the police.

---

1. There was evidence of a feud between the Nevels and the Cross families. The day before, a Nevels, the son of the victim, had shot the sister of the appellant.

The defendant then confessed he fired the six rounds into the Nevels residence without intent to kill, but only "to scare the hell out of anybody inside the house." At the trial, the defendant contended the nephew actually committed the act, and that he confessed to protect his kin.

The offense was submitted by Instruction No. 5:

First, that on or about July 27, 1980 in the County of Boone, State of Missouri, the defendant caused the death of Coletta Nevels by shooting her, and

Second, that the defendant did so *in committing or attempting to commit* the felony offense of shooting into a dwelling.

then you will find the defendant guilty of murder in the second degree. [emphasis added]

\*   \*   \*   \*   \*   \*

The defendant contends that the instruction allows conviction for second degree murder on a finding that the homicide was perpetrated in the course of a misdemeanor [an attempt to shoot into a dwelling][2] and therefore was not a proper felony murder submission.

Instruction No. 5 submitted second degree [otherwise, common law] felony-murder in terms of MAI–CR 15.16. That model correctly defines the elements of the historical offense as a homicide committed in the perpetration or attempted perpetration of a felony [other than those enumerated in first degree murder § 565.-003, RSMo 1978]. At the common law there were no degrees of murder, but homicide encompassed all unlawful killing whether death was intended, or merely attended the commission of a felony. *State v. Jasper*, 486 S.W.2d 268, 270 (Mo. banc 1972). In the case of a felony-murder, it was the *intent to commit the felony* which rendered the killing unlawful. Our felony murder rule

adopts that rationale: that the intent to commit a felony is as validly shown by an attempt at the perpetration as well as by the consummated perpetration of offense itself. *State v. Chambers*, 524 S.W.2d 826, 829[3, 4] (Mo. banc 1975); *State v. Gillam*, 588 S.W.2d 13, 17[7] (Mo.App.1979). The MAI–CR 15.16 formulation of second degree [common law] felony-murder expresses a valid definition of that offense. See MAI–CR 15.16, Notes on Use 3.[3]

The judgment is affirmed.

All concur.

---

2. Shooting into a dwelling is a class D felony under § 571.030, RSMo 1978. An attempt to commit a class D felony is a class A misdemeanor under § 564.011, RSMo 1978.

3. We note also that the evidence was of a completed felony, and not of an attempt to

shoot into the dwelling. There was no contention that the bullets did not penetrate into the interior of the residence, but only that someone other than the defendant was the perpetrator. The verbiage of attempt in MAI–CR 15.16, therefore, was surplus.