**Dennis C. FULSOM, Petitioner,**

v.

**Terry MORRIS, Respondent.**

**No. 85–0333–CV–W–3–P.**

United States District Court, W.D. Missouri, W.D.

May 24, 1985.

Dennis C. Fulsom, pro se.

William Webster, Jefferson City, Mo., for respondent.

## ORDER

ELMO B. HUNTER, District Judge.

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1976) challenging his 1974 conviction for first degree murder. As his sole ground for relief, petitioner claims that there was insufficient evidence to support a conviction of murder in the first degree. Petitioner states that he will rely on the same set of facts set forth in his previous habeas corpus petition. *See* Petition at 7.

In his response, respondent urges the Court to dismiss the petition because petitioner has already litigated this exact issue in this Court in a previous petition for writ of habeas corpus. Therefore, respondent submits that the instant petition is successive as defined by 28 U.S.C. § 2254, Rule 9, and *Walker v. Lockhart*, 726 F.2d 1238 (8th Cir. en banc 1984). Furthermore, respondent contends that the "ends of justice" do not require a reexamination of petitioner's ground for relief because the decision in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), fully supports the Court's decision in *Fulsom v. Wyrick*, No. 76–CV–407–W–4.

In his traverse, petitioner contends that *Jackson v. Virginia, supra*, represents an intervening change of law which would justify permitting a redetermination of petitioner's ground to serve the ends of justice. Petitioner offers no further explanation of how the intervening case of *Jackson v. Virginia* would result in a different outcome in the instant petition.

Rule 9(b) of the *Rules Governing Section 2254 Cases for the United States District Courts* states:

> (b) Successive petitions. A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the

petitioner to assert those grounds in a prior petition constituted an abuse of the writ.[1]

Petitioner's first petition pursuant to Section 2254, *Fulsom v. Wyrick*, No. 76–CV–407–W–4, alleged two grounds that related to the sufficiency of the evidence to sustain petitioner's conviction: (1) there was no evidence of deliberation to sustain petitioner's conviction of murder in the first degree; and (2) there was insufficient evidence to sustain a conviction of murder in the first degree. *See* Petition in Case No. 76–CV–407–W–4 at 3. Petitioner's first petition for writ of habeas corpus was denied on the merits on November 18, 1976, by this Court. The United States Court of Appeals for the Eighth Circuit denied petitioner's request for a certificate of probable cause to appeal on January 14, 1977. The United States Supreme Court denied a petition for certiorari. *Fulsom v. Wyrick*, 430 U.S. 937, 97 S.Ct. 1565, 51 L.Ed.2d 783 (1977).

■ Because the same ground as that presented in the instant petition was presented in the prior application and was determined on the merits, petitioner's current petition for writ of habeas corpus is successive pursuant to Rule 9(b). However, the Court may give controlling weight to the denial of a prior application for federal habeas corpus only if "(1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, *and* (3) the ends of justice would not be served by reaching the merits of the subsequent application." *Sanders v. United States*, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963) (emphasis added). Therefore, this Court must determine whether the ends of justice would be served by reexamining petitioner's claim of insufficiency of the evidence giving rise to his conviction for first degree murder.

*Walker v. Lockhart*, 726 F.2d at 1243–1245.

■ In evaluating the sufficiency of the evidence, the correct standard is that expressed in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Id.* at 319, 99 S.Ct. at 2789 (emphasis added in original). *Jackson v. Virginia* overruled the "no-evidence" test of *Thompson v. City of Louisville*, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960), which allowed relief only upon a showing that the state court conviction was totally devoid of evidentiary support.

■ In the instant matter, petitioner was convicted of murder under the felony-murder doctrine, Mo.Rev.Stat. § 559.010 (1969). The evidence at trial showed that petitioner entered a grocery store and immediately pointed a gun at the proprietor who was standing next to his cash register. One witness testified that she talked with petitioner a few days after the murder. He told her he had gone into the store and asked for a pack of Kools and drew a gun on the proprietor. When the proprietor drew his own gun, petitioner allegedly told the witness that "he didn't have no other choice but to shoot him." (Tr. 203). The same witness testified that petitioner told her he had "tried to get the old man around the corner." (Tr. 202). A boy who worked for the victim testified that the person who entered the store had on yellow trousers and a spitfire cap. (Tr. 162–164). Another witness testified that he saw a man park his car and walk toward the store and later return to the car holding his right sleeve. He also stated that the man wore yellow trousers and a spitfire cap. (Tr. 147–149). The boy who worked for the victim identi-

---

**1.** *See also* 28 U.S.C. § 2244(b) (1976).

fied petitioner as the man he saw enter the store. (Tr. 164–165).

The above evidence is sufficient to support a finding of the jury that petitioner intended to rob the victim and shot and killed him in the commission of that crime. Because the attempted perpetration of a robbery is the legal equivalent of deliberation, the evidence clearly supports the first degree murder conviction. *State v. Lindsey*, 507 S.W.2d 1, 4 (Mo. banc 1974). Although there was a difference between the testimony of two of the witnesses as to whether or not petitioner had a beard on the day of the murder, such inconsistencies are proper consideration for the jury in determining the weight to be given the testimony. *See*, "Magistrate's Report and Recommendation" in Case No. 76–CV–407–W–4 at 4. A federal court may not substitute its own judgment as to the credibility of witnesses for that of the state courts. *See* 28 U.S.C. § 2254(d); *Maggio v. Fulford*, 462 U.S. 111, 103 S.Ct. 2261, 76 L.Ed.2d 794 (1983); *Sumner v. Mata*, 455 U.S. 591, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982); *Graham v. Solem*, 728 F.2d 1533 (8th Cir.1984). The jury heard the testimony of the various witnesses and chose to resolve the inconsistencies against petitioner. They found that petitioner caused the death of the victim while attempting to rob him.

Viewing the evidence in the light most favorable to the prosecution, the Court concludes that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. at 319, 99 S.Ct. at 2789; *Walker v. Lockhart*, 726 F.2d at 1247. Thus, the insufficiency of the evidence argument of petitioner does not, under the ends of justice, justify reexamination of the issue raised for the second time in the instant habeas petition. Therefore, the above-captioned petition for writ of habeas corpus will be dismissed.

Accordingly, for the reasons discussed above, the petition for writ of habeas corpus is dismissed with prejudice.