STATE of Missouri,
Plaintiff-Respondent,

v.

Bobby Lee SMITH, Sr.,
Defendant-Appellant.

No. 51336.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 10, 1987.

Motion for Rehearing and/or Transfer
Denied March 11, 1987.

Application to Transfer Denied
May 19, 1987.

Ronald E. Pedigo, Farmington, for defendant-appellant.

Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals after being convicted by a jury of two counts of second degree

murder and sentenced to consecutive terms of imprisonment for life and thirty years.

We briefly set forth the pertinent facts as developed by the state's evidence and by defendant's testimony, viewed in the light most favorable to the verdict. On July 4, 1985, Glennon (Gene) Juliette and his family were having a Fourth of July celebration at the Juliette home, which is located on a private gravel road that intersects Highway 21 north of Potosi, Missouri. At about 9:00 p.m., defendant drove by the Juliette residence in his truck, travelling at approximately 35 miles per hour. Persons at the Juliette gathering shouted for the truck to slow down, then Gene and his son, Darrel, got into a car and followed the truck down the dead end road.

Defendant was going to see Nancy Goff, a friend of his and Gene's sister. When he reached the Goff residence he pulled into the semicircle driveway and honked his horn. Getting no response, he decided to turn back onto the gravel road. However, his exit was aborted by Gene and Darrel, who pulled up and stopped their car in front of defendant's truck. Both men alighted from the automobile and approached the truck; Gene told defendant, who was still seated in the truck, "you don't drive on this road that way," and defendant responded by removing his .22 caliber revolver from his holster. Defendant had his window rolled down and his arm propped on the door, and "displayed" the gun by placing its barrel across his forearm near his elbow. Defendant testified that he displayed the gun in an attempt to scare the Juliettes, but the pistol apparently did not frighten Gene, who grabbed both defendant's arm and the gun barrel. Defendant pulled the gun free and squeezed the trigger "to make some noise." Gene put his hands to his face and fell to the ground. Darrel then began to approach the truck and defendant cocked the gun and fired again. Darrel also went down. Defendant testified that he knew he had shot them, but did not think they were dead.

Defendant backed up his truck, drove around the car and the victims' bodies, and left the scene. Mitch Bourbon, a friend of the Juliettes who was attending the celebration, noticed the truck come back down the gravel road. When the car the victims had taken did not return, he and another guest went to find Gene and Darrel. They discovered the victims' bodies in the road; the car's engine was still running and its headlights were on. After being arrested later that night and advised of his rights, defendant made a videotaped statement in which he admitted his involvement in the shootings. Defendant was charged with two counts of first degree murder. Defendant's theory at trial was that he acted in self-defense, and the jury was instructed pursuant to MAI–CR 2.41.1. The jury returned a verdict of guilty of second degree murder on both counts.

■ In two related points, defendant argues that the state did not prove "by competent evidence the cause of death of the victims," and thus failed to prove beyond a reasonable doubt "that the actions of the defendant were the direct and proximate cause of the deceased victims' death." Defendant argues that the state's only evidence regarding cause of death was the death certificates, which, according to him, are insufficient unless accompanied by explanatory medical testimony.

We note first that the certificates introduced by the state were properly certified, and § 193.255.2, RSMo 1986, provides that a properly certified death certificate "shall be prima facie evidence of facts stated therein."

In *State v. Morrow,* 541 S.W.2d 738, 742 (Mo.App.1976) we said:

> [T]he certificate of death [is] prima facie evidence of the facts stated therein, but it is given no greater force than any other prima facie evidence of that fact. Death, like any other fact, may be shown by many types of circumstantial or direct evidence.

(Citations omitted.)

Defendant admitted he shot both men, and the death certificates indicated that the victims died of hemorrhaging caused by "gun shot wound[s] to the head." Furthermore, Highway Patrolman Sturdevant observed the autopsy of both men, described the head injuries, and testified that a bullet

was removed from the brain tissue of each victim. He further described the wounds in the area of the right eye of each victim, and stated that their right eyes were "totally destroyed." He testified that he observed no other wounds, and that the victims' clothes were not disturbed. Viewing the evidence in the light most favorable to the verdict and drawing all reasonable favorable inferences, *State v. McDonald,* 661 S.W.2d 497, 500 (Mo. banc 1983), we believe the state made a submissible case on the issue of causation.

Defendant also contends that the court erred in not allowing the defendant

to go into the reputations of the two deceased victims for violence and misconduct because showing the reputations of the two deceased victims would have been relevant and material factual information for the jury to consider in deciding whether or not the defendant had acted reasonably in self-defense.

■ The trial court sustained the state's motion in limine to preclude evidence of the victims' reputations for turbulence and violence in the absence of evidence that the defendant knew about their reputations. The defendant made no further attempt to introduce the evidence or make an offer of proof and consequently did not preserve this issue for review. There is no appellate review of a trial court's ruling on a motion in limine; the proponent of the evidence must attempt to present the evidence at trial. *See, State v. Holt,* 659 S.W.2d 233, 235 (Mo.App.1983). If an objection to the proffered evidence is sustained, the proponent must then make an offer of proof. *See, State v. Dixon,* 655 S.W.2d 547, 557 (Mo.App.1983).

■ Reviewing defendant's contention under the "plain error" doctrine, we find no manifest injustice resulted from the trial court's ruling. It has long been held that where the issue of self-defense arises at trial, defendant may introduce evidence of the victim's violent and turbulent disposition through evidence of the victim's reputation in the community for those characteristics and *only* upon a showing that the defendant was aware of the characteristics. *State v. Sherrill,* 657 S.W.2d 731, 741 (Mo. App.1983).

Defendant contends in his point on appeal that the evidence was admissible on the issue of self-defense. However, at the time of the ruling on the motion in limine, counsel stated: "I would concede definitely that it would not be admissible for the purposes of the self-defense (sic), should that instruction be given. The rule's clear on that."

Defendant argues that *State v. Buckles,* 636 S.W.2d 914 (Mo. banc 1982) would have permitted the admission of this evidence. However, we do not read *Buckles* as abandoning or rejecting the long established view that the defendant must know of the reputation of the victim. We also note that *Buckles* recognizes the necessity of an offer of proof. Defendant's point is without merit.

■ Finally, defendant argues that the court erred in admitting the videotaped statement in lieu of a transcript of that statement offered by defendant. Defendant does not challenge the voluntariness of the statement on appeal.

Defendant's point is without merit. Arguments regarding the emotional impact of a videotaped statement were rejected by the supreme court in *State v. Lindsey,* 507 S.W.2d 1 (Mo. banc 1974). The court stated:

[Defendant's] contention pertaining to "emotional impact" relates to the weight to be given the evidence, not its admissibility. *The State is not to be precluded from offering the best or most persuasive evidence, otherwise admissible, because it is convincing and damaging to an accused's case.*

*Id.* at 3. (Emphasis ours.)

Here a proper foundation was laid for the admission of the videotaped statement, and the trial court did not abuse its discretion in admitting it. *Id.*

Judgment affirmed.

SMITH, P.J., and DOWD, J., concur.