STATE of Missouri,
Plaintiff-Respondent,

v.

Ricky HOLT, Defendant-Appellant.

No. 44355.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 12, 1983.

Application to Transfer Denied
Oct. 18, 1983.

**234** ■ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Robert E. Rapp, Clayton, for defendant-appellant.

Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

Appellant was found guilty by a jury and convicted of arson in the second degree, in violation of § 569.050 RSMo.1978. He was sentenced as a persistent offender under § 558.016 RSMo.1978 to fifteen years imprisonment. The judgment is affirmed.

Appellant asserts the trial court erred in: (1) granting the state's motion in limine which unduly restricted appellant's cross-examination of an important state's witness about whether a "deal" existed between the state and the witness; (2) failing to grant a new trial on the grounds of prosecutorial misconduct; (3) failing to instruct on lesser included offenses; and (4) failing to refer to an instruction on reasonable doubt in reply to a jury question. Appellant also argues that the evidence failed to support the verdict.

On March 31, 1980 a house or cabin owned by Allen and Paula Krshul, and occupied by Dorothy Parsons and Gary Bradley, burned to the ground. Neither Parsons nor Bradley were at home at the time of the fire, had no knowledge of how the fire started, and were not aware the house had burned until the following morning. It was not possible to determine the cause of the fire.

Before the fire on March 31, 1980, appellant arrived at witness Ron Ray's residence and asked Ray to step outside. Once outside, appellant asked Ray to take appellant's truck to the entrance of a driveway at the top of a hill and act as a lookout for him.

Appellant then removed a propane gas torch from his truck and entered the cabin rented by Dorothy Parsons and Gary Bradley. About ten minutes later appellant left the cabin and told Ray that he was burning it down for insurance reasons. Both men returned to Ray's residence and began watching television.

A short while later appellant asked Ray to stand lookout again while appellant reentered the Krshul cabin. Appellant came out of the cabin a few minutes later and asked Ray to drive him down to the bottom of the hill. From this vantage point they saw that the inside of the cabin was on fire.

On May 27, 1980, appellant went to Ray's residence, slapped him in the face, and told him that if he gave police a statement, the appellant would kill him, his wife, and his son. The appellant left and when the police arrived ten minutes later, Ray told the police he would testify concerning the fire.

On direct examination Ray testified that he was presently serving a four month sentence for driving while intoxicated. On cross-examination he was interrogated about his prior misdemeanor convictions without objection. Appellant's attorney made several unsuccessful attempts to uncover a possible deal between the Franklin County authorities and Ray involving the dropping of pending charges against Ray, or more lenient treatment of Ray, by the

Franklin County authorities, in return for Ray's testimony in this case.

During its deliberations the jury sent a note to the judge requesting an explanation of "reasonable doubt." The trial court, after consultation with, and approval by, both lawyers, sent the note back to the jury with the answer "No" and the judge's signature written on the bottom.

In his first point on appeal appellant alleges the trial court erred in granting the state's motion in limine restricting appellant's cross-examination of witness Ray. The point is not well taken.

■ The filing of a motion in limine or an objection to the trial court's granting of the motion preserves nothing for appellate review. To preserve the error it is necessary for the appellant to make a contemporaneous objection at the time the evidence in question is introduced. *State v. Foster,* 608 S.W.2d 476[2, 3] (Mo.App.1980); *State v. Johnson,* 586 S.W.2d 437, 440[4] (Mo.App. 1979).

■ Even if this court should consider a claim of error in the granting of the motion in limine, it would find that the trial court ruled properly. The trial court ruled only that the appellant would be prohibited from cross-examining the state's witnesses concerning municipal ordinance charges and convictions which were not demonstrated to be a part of any alleged "deal" between the state and the witness. The court permitted appellant's attorney to ask any question about whether or not a deal had been made.

Appellant did not preserve any error the trial court may have made in sustaining the state's objections to questions asked by appellant's counsel concerning other charges. No mention was made of these objections in appellant's motion for a new trial. Nonetheless, the transcript has been read thoroughly, the alleged errors reviewed, and this court finds there was no error, plain or otherwise. The cases cited by appellant, *State v. Summers,* 506 S.W.2d 67, 71–74[9–16] (Mo.App.1974); *State v. Neal,* 526 S.W.2d 898, 901–902[1–6] (Mo.App.1975); *State v. Shives,* 601 S.W.2d 22, 29[11] (Mo.

App.1980), are not in point because here the trial court did not restrict any of appellant's inquiries on cross-examination concerning the specifics of the purported deal.

■ Appellant next alleges prosecutorial misconduct and error on the part of the trial court in failing to grant a new trial because of the misconduct. Appellant charges the state withheld information from the court and the jury by failing to disclose that witness Ray's jail sentence for driving while intoxicated had been reduced. The point is denied.

In support of this point, appellant filed a "Motion to File Supplemental Record on Appeal" which was denied by this court. See *State v. Ray,* 600 S.W.2d 70, 74[7] (Mo. App.1980). Appellant sought to file an Exhibit "A" on appeal which consisted of certified copies of Franklin County circuit court documents relating to two charges which had been brought against witness Ray for driving while intoxicated and driving while under suspension.

Although this court denied the motion to supplement the record, counsel seemed to agree in oral argument that there was a reduction of the witness' sentence, but that it was granted by an associate circuit judge. No evidence of that was placed before the trial court, however, nor was evidence adduced to show that either witness Ray or the prosecuting attorney were aware of any reduction in sentence at the time of the trial. The alleged reduction could not have been a part of a deal made in order to induce the witness to testify if neither the witness nor the prosecutor were aware of the reduction.

Appellant cites *State v. Allen,* 530 S.W.2d 415 (Mo.App.1975) in which a key prosecution witness denied that she had received leniency on a pending charge against her in exchange for her testimony. The prosecuting attorney failed to make known the fact that leniency had in fact been shown to the witness. The facts are not the same. In the case under review there is nothing in the record indicating that either the witness or the prosecutor knew of the reduction in sentence.

Appellant argues further that even though the prosecuting attorney did not know that the sentence had been reduced, appellant's conviction should be reversed because, regardless of the good faith of the prosecuting attorney, appellant was harmed by the failure to disclose the fact that the sentence had been reduced. Appellant cites *State v. Thompson*, 396 S.W.2d 697 (Mo. banc 1965). The problem is that there was no evidence of a reduction in sentence which was shown to be part of a "deal," or knowledge on the part of either witness Ray or the prosecutor of the alleged sentence reduction at the time of the trial. Only on the most tenuous of inferences, under the facts here, could a jury have believed that even if there were a reduction in sentence the reduction was given in exchange for testimony. In *State v. Thompson, supra,* the evidence was far more favorable to the appellant. In *Thompson,* the state failed to disclose to the court or defense counsel material ballistics evidence.

A major problem of this point on appeal is the lack of a record from which this court can determine any facts underlying the reduction in sentence. In the absence of any evidence at all that either the prosecutor or the witness knew about the reduction in sentence at the time of the trial, and in the absence of any evidence at all that there was any conversation about, discussion of, or negotiations toward, a "deal," it would be rank speculation for this court to say that there was any prosecutorial misconduct that would justify the granting of a new trial. See *State v. Ray, supra.*

Appellant's remaining points relied require scant attention. The evidence was sufficient to support the verdict. The court did not err in failing to instruct the jury on lesser included offenses. The trial court's answer to a jury question about "reasonable doubt" was agreed to by both lawyers. An extended discussion of these points would have no precedential value and they are denied in compliance with Rule 84.16(b).

The judgment is affirmed.

DOWD and GAERTNER, JJ., concur.